*1051 OPINION OF THE COURT
Zelda Jonas, J.
Petitioner’s application pursuant to CPLR article 78 for an order directing the release of 26 firearms previously seized by the respondent, Nassau County Sheriffs Department, Family Court Domestic Violence Unit, pursuant to an order of protection issued by Judge Lawrence in the Family Court is granted.
This matter has had a convoluted history and presents a legislative “glitch.” During a contested divorce proceeding, the Family Court (Lawrence, J.) issued, inter alla, a temporary order of protection dated April 26, 2001. At the time the order was issued, both parties appeared before Judge Lawrence. Pursuant to the temporary order of protection, the Sheriffs Department seized 26 guns belonging to the petitioner (Family Ct Act § 842-a). Thereafter, on May 2, 2001, Judge Lawrence issued a permanent order of protection against the petitioner. On or about January 31, 2002, the parties reached a settlement agreement. By order dated April 11, 2002, pursuant to the settlement agreement, Judge Lawrence withdrew the permanent order of protection before it expired by its own terms. A judgment of divorce was entered on July 3, 2002.
Subsequently, petitioner applied to this court, pursuant to article 78, for an order directing the release of the firearms seized by the Sheriff’s Department, Family Court Domestic Violence Unit. This court denied the application without prejudice to renew in Family Court. Its decision was based upon the theory that the Family Court was better capable of deciding the issue since the history and appropriate records of alleged violence had been before the Family Court when the order of protection was first issued, the seizure of the firearms was first ordered, and the order of protection was subsequently vacated by Judge Lawrence.
On December 2, 2002, in compliance with this court’s order, petitioner brought a notice of petition to the Nassau County Family Court for an order releasing the firearms seized in conjunction with the order of protection Judge Lawrence had issued. Although the petition was unopposed, it was dismissed by Judge Lawrence due to lack of jurisdiction. Petitioner appealed the Family Court order to the Appellate Division, Second Department, and the order was affirmed (Matter of Aloi v Aloi, 10 AD3d 655 [2004]). As a result, the matter was brought before this court by notice of motion for renewal of this court’s previ *1052 pus order. The motion was granted, but since this court had no familiarity with the parties or the proceedings that were held before Judge Lawrence, it was necessary for the court to conduct a hearing. For the purpose of the hearing, the court renewed the appointment of the Law Guardian, who had been appointed in Family Court to protect the interests of the children. At the time of the hearing, the children were 8 and 10 years of age and had visitation with the petitioner.
At the hearing, Deputy Sheriff Mastropieri testified on behalf of the Sheriff’s Department. He testified that the Sheriff’s Department’s general rule in returning firearms is that the return is made when an order from the court is provided to the Sheriffs Department. According to Deputy Sheriff Mastropieri, in the past six years that he worked with the department, there were only two orders given by the Supreme Court for the return of firearms, the remainder were considered by the Family Court.
The former wife of the petitioner chose not to appear, although the Law Guardian had spoken to her, and she indicated that she had no objection to the return of the firearms provided they were safely stored. As previously stated, she had also consented to the vacating of the order of protection. At the conclusion of the hearing, the court reserved decision pending a background check of the petitioner to ensure that there was no activity or history that would preclude the return of the firearms. A response was received by the court on April 12, 2005, which indicated: “On the basis of these checks the Department cannot find any activity or history that would preclude Dominick Aloi from possessing a firearm. It should be noted that these checks represent our limits to research the above respondent.”
Section 842-a of the Family Court Act provides the Family Court with the authority to revoke or suspend a firearms license and order immediate possession. However, the section does not specifically provide authority to the Family Court judge to return the firearms ordered to be seized. In Matter of Blauman v Blauman (2 AD3d 727 [2003]), the Appellate Division held that the Family Court did not have jurisdiction to issue an order directing the return of firearms which movant had surrendered pursuant to previous court orders. The Appellate Division held that the movant’s remedy was instead to make an application to the officer that had custody of the firearms. Unfortunately, it can reasonably be anticipated that the officer that has custody of the firearms will refuse to return the firearms without a court order, which is the present situation before this court. *1053 Since there is no law and no enabling legislation directing the Family Court judge to order the return of the firearms, once Family Court jurisdiction is lost, the burden is put on this court, which does not have the comparable knowledge or background on cases litigated in the Family Court.
Since a Family Court judge has the authority to issue orders of protection and vacate said orders of protection, it appears to be a legislative oversight in not providing the Family Court judge with continued jurisdiction to determine whether the firearms seized pursuant to that judge’s order of protection can be returned to the offending party. Once Family Court jurisdiction is lost, the decision to determine the return of said firearms is now left to a judge who is not familiar with the history of the family, the parties, and any alleged violence that may have transpired resulting in the issuance of the order of protection and seizure of said firearms.
Presently, the Integrated Domestic Violence Court has been instituted in New York State by Chief Judge Judith Kaye in order to have one judge handle not only the parties’ divorce proceeding and/or Family Court proceeding but also any alleged criminal actions arising from domestic violence in conjunction with those proceedings in order to avoid the past situations where different judges were handling different aspects of the case and were unaware of the family history of violence. Similarly, the Family Court judge who issues an order of protection with seizure of firearms should be given the authority to decide whether to allow the return of said firearms rather than the bifurcation of the two issues of the order of protection and the return of firearms between two judges.
Accordingly, this court strongly urges legislation to amend section 842-a of the Family Court Act to provide Family Court judges with not only the authority to seize firearms pursuant to an order of protection but also the discretion to determine when or if said firearms should be returned.