■ In the Matter of TINA MARIE ENGEL, Respondent, v JOSEPH K. ENGEL, Appellant. [807 NYS2d 383]—

In a family offense proceeding pursuant to Family Court Act article 8, the appeal is from an order of the Family Court, Nassau County (Marks, J.), dated January 13, 2005, which denied the motion of Joseph K. Engel to direct the Nassau County Sheriff's Department to return firearms seized pursuant to a temporary order of protection and Family Court Act § 842-a, on the ground of lack of jurisdiction.

Ordered that the order is affirmed, without costs or disbursements.

During a divorce action, the wife, Tina Marie Engel, filed a petition pursuant to Family Court Act article alleging that the appellant, the father of the husband, committed specified family offenses and for an order of protection in accordance with Family Court Act § 842. The Family Court issued a temporary order of protection dated August 26, 2002, pursuant to which the appellant surrendered several firearms he owned to the Nassau County Sheriff's Department (*see* Family Ct Act § 842-a). Following reconciliation with her husband, the wife withdrew the Family Court Act article 8 petition. By order dated September 19, 2002, the Family Court dismissed the petition on the ground that it had been withdrawn and vacated the temporary order of protection.

The appellant then moved for the return of the firearms seized by the Nassau County Sheriff's Department pursuant to the temporary order of protection and Family Court Act § 842-a. The Family Court properly denied the motion as it did not have jurisdiction to issue such a directive (*see Matter of Aloi v Aloi*, 10 AD3d 655, 656 [2004]; *Matter of Blauman v Blauman*, 2 AD3d 727, 727-728 [2003]; *see also Aloi v Nassau County Sheriff's Dept.*, 9 Misc 3d 1050 [2005]). If the Sheriff denies the appellant's properly supported demand for the return of his firearms, his remedy lies in challenging that denial in the Supreme Court (*see Matter of Aloi v Aloi, supra* at 656; *see also Aloi v Nassau County Sheriff's Dept., supra*).

The appellant's remaining contentions are without merit. Prudenti, P.J., H. Miller, Mastro and Lunn, JJ., concur.