Matter of V.F. v M.D. (2005 NY Slip Op 52183(U))

[*1]

Matter of V.F. v M.D.

2005 NY Slip Op 52183(U) [10 Misc 3d 1067(A)]

Decided on December 22, 2005

Family Court, Nassau County

Lawrence, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 22, 2005

Family Court, Nassau County
In the Matter of V.F., Petitioner,
against
M.D., Respondent.
In the Matter of a Proceeding Under Article 8 of the Family Court Act M.D., Petitioner,
against
V.F., Respondent.
OXXX

Richard S. Lawrence, J.
M.D. (hereafter "Daughter") moves this Court by way of notice of motion pursuant to CPLR Rule 2221(d) for leave to reargue this Court's decision dated September 16, 2005, which denied her motion to seal her arrest record with respect to an incident of August 9, 2003 and also denied her request on her alternative argument to do so "in the interests of justice." That prior decision and order of this Court dated September 16, 2005 is reported at In the Matter of V.F. v M.D., NYLJ September 30, 2005 p. 21 col 1; 9 Misc 3d 1111A (Family Court of New York, Nassau Cty, 2005).
The current motion was returnable November 1, 2005. There-after, the Daughter submitted, on behalf of her instant application for leave to reargue, an affidavit in support by V.F. (hereafter "Mother"), which affidavit was verified on November 22, 2005 and clocked in by the clerk of this Court on December 6, 2005. It should be noted that with respect to the original motion, the Mother submitted no opposition, and that her submission to the Court, five weeks subsequent to the return date, is not in conformity with the rules governing motions in CPLR [*2]Rule 2214.
Likewise, the County Attorney's Office has just today submitted its "Answer," dated December 21, 2005. However, this Court has dis-cretion with respect to acceptance of late papers, sur-replies or other papers not in conformity with the rules governing motion practice. See, for example, the leading case of Held v Kaufman, 238 AD2d 546 (2d Dept 1997), aff'd as modified 91 NY2d 425 (1998).
Accordingly, this Court will consider both otherwise untimely documents.
The Court notes that the County Attorney's Office "does not oppose" the instant motion for leave to reargue, even though it did oppose the initial application by the Daughter.
Although the affidavit by the Mother adds nothing legally to the Daughter's instant motion for leave to reargue, since the Mother submitted nothing to this Court upon the original motion; nevertheless, the Daughter's instant argument apparently is that this Court overlooked or misapprehended the alleged applicable case law with respect to the original motion. In this, the Daughter submits two cases, which she alleges mandate that the records be sealed in this matter.
The first case submitted is Schwartz v Schwartz, 94 Misc 2d 1071 (Family Court of New York, Suffolk Cty, 1978). That matter involved a family offense proceeding in which a misdemeanor information commenced a criminal action against the Defendant/Respondent. The matter was then transferred to the Family Court for hearing, and eventually was dismissed for "failure of prosecution." The Respondent then moved to seal the records, including the arrest record, and the court granted that request.
The Schwartz court held that the then applicable Criminal Procedure Law section was "triggered" by termination of the criminal proceeding. The court admitted that the CPL is applicable to criminal proceedings only, and a family offense is of course a civil matter. Nevertheless, the court held, in effect, that to decide otherwise would be a "blatant disregard of the legislative direction of practical help' which is alluded to in section 811 of the Family Court Act." Ibid at p. 1073. The District Attorney's office took no position with respect to that motion, and this Court notes that FCA §811 has since been repealed. The Court further admitted that there was "no case in point," i.e. no authority for its reasoning. Ibid at p. 1072.
The second case submitted by the Daughter is In the Matter of Tony W., 91 Misc 2d 700 (Family Court of New York, New York Cty. 1977). That case involved a juvenile delinquency matter in which the proceeding terminated in the Respondent's favor and the Respon-dent then moved to seal his arrest record pursuant to Criminal Procedure Law § 160.50(1). The court held that the records should be sealed; however, and in accordance with the CPL, it granted Corporation Counsel 20 days to submit a motion opposing the seal-ing, and if the motion were not made, then the sealing would be granted.
It should be noted that the Tony W. case was decided in 1977, prior to the enactment of Family Court Act § 375.2, which specifically allows a Respondent to move to seal after a finding in his favor. Therefore, the legislation necessary to move to seal a juvenile delinquency matter, was not in existence in 1977, and the Tony W. Court found it necessary to apply the CPL to that matter. Even assuming that the Tony W. Court was correct in its decision, the fact that as of 1982 the Family Court Act specifically permitted a motion to seal after a finding in Respondent's favor, makes the Tony W. argument academic.
This Court has the highest regard for its sister Family Courts in Suffolk County and New [*3]York County. However, the two authori-ties cited by the Daughter are not binding upon this Court. Neither matter was appealed and the Daughter submits no authority whatso-ever from any higher court.
 As this Court stated in its decision of September 16, 2005, the Family Court is a court of limited jurisdiction; it may exer-cise only those powers specifically granted to it by the State Constitution (Art. VI, §13) as more fully specified in the Family
Court Act. Matter of Walker v Walker, 86 NY2d 624, 629 (1995); Sparacio v Sparacio, 248 AD2d 705 (2d Dept 1998); Matter of Mancini v Mormile, 234 AD2d 461 (2d Dept 1996); and In the Matter of Dale P., 189 AD2d 325, 333 (2d Dept 1993), lv to appeal granted 82 NY2d 661 (1993), order aff'd as mod 84 NY2d 721 (1994).
This Court's prior decision further reviewed CPL §160.50(1) and CPL §160.50(3)(j). As set forth in those two statutory sections, there are conditions precedent which must be complied with in a criminal case, before a motion is submitted or the seal-ing of the records themselves can be accomplished. In fact, the Daughter herself recognizes this (see affirmation in support by Daughter's attorney affirmed October 11, 2005 paragraph 4), which also discusses CPL §160.50(3)(i)). There is no proof whatsoever that any condition precedent has been accomplished. However, this is not to say that even if the condition precedent were accom-plished, that this Court would rule in the Daughter's favor.
As set forth in this Court's decision of September 16, 2005, it was this Court's firm belief that it was without jurisdiction to entertain the Daughter's application to seal the records. This
Court greatly sympathizes with the Daughter in her current efforts to "clear" her record, which record is apparently a severe impediment to her securing an advancement in her career as a social worker for the State of New York. However, this Court cannot fashion what should be a legislative remedy, where no such remedy currently exists.
The matter at bar is no different from Aloi v Aloi, decided by this Court on October 15, 2003. In that matter, a family offense proceeding was settled on consent, with the order to be in effect for a period of one year. Subsequent to the expiration of that order, the Respondent moved for a return of his weapons which had been previously seized by the Sheriff, pursuant to Court order, at the commencement of the proceeding. This Court denied the Respon-dent's application, for a lack of jurisdiction, and that order was affirmed at 10 AD3d 655 (2d Dept 2004).
The Respondent then proceeded in the Supreme Court against the Nassau County Sheriff's Department, in accordance with the direction of the Appellate Division as cited above. Aloi v Nassau County Sheriff's Department 9 Misc 3d 1050 (New York Sup Ct, Nassau Cty 2005). In her decision, Justice Jonas granted the Respondent's petition for return of the firearms, but reviewed the applicable law, and stated strongly that, in her opinion, the Family Court should in fact have jurisdiction over such a matter. She stated that "it appears to be a legislative oversight in not providing the Family Court judge with continued jurisdiction" over such a matter. She concluded her decision as follows: "Accordingly, this Court strongly urges legislation to amend section 842-a of the Family Court Act to provide Family Court judges with not only the authority to seize firearms pursuant to an order of protection but also the discretion to determine when or if said firearms should be returned."
Lastly, in a recent matrimonial action where the Plaintiff attempted to prove grounds for matrimonial fault, based upon a new theory not addressed by statute, the Court refused to "step [*4]into a legislative void and craft new or alternative grounds for divorce."
X.J. v F.J., 10/21/2005 NYLJ p. 23 col. 3(Sup. Ct. Of New York, Queens Cty., Lebowitz, J.).
Although this Court greatly sympathizes with the Daughter and her current predicament, it cannot grant the relief she seeks, as there is no statute applicable to this situation before this Court, and this Court is therefore without jurisdiction to decide such a motion in her favor.
Accordingly, the Daughter's instant notice of motion to reargue is granted, and upon such reargument, this Court adheres to its original decision of September 16, 2005, denying the motion.
This constitutes the Decision and Order of this Court.
Dated: Westbury, New York
 December 22, 2005
JOHN F. PHELAN, ESQ.
Deputy County Attorney for the County of Nassau
Family Court Bureau
ANTHONY MASTROIANNI, ESQ.
MASTROIANNI & MASTROIANNI, ESQS.
Attorney for M.D.