Matter of Anonymous (2006 NY Slip Op 50273(U))

[*1]

Matter of Anonymous

2006 NY Slip Op 50273(U) [11 Misc 3d 1058(A)]

Decided on February 27, 2006

Family Court, Nassau County

Lawrence, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 27, 2006

Family Court, Nassau County
IN THE MATTER OF ANONYMOUS,
xxxxx

CHRISTOPHER M. POWERS, ESQ.
Ingerman Smith, L.L.P.
Attorney for School District
RENEE G. MAYER, ESQ.
Attorney for Anonymous

Richard S. Lawrence, J.
The Court has before it a PINS petition brought by Respondent's school district, in which the Respondent moves this Court for the "right to withdraw her admission" with respect to the captioned PINS petition or in the alternative to dismiss the petition in the interests of justice.
Petitioner opposes the motion, stating that the admission was made because it was true. Petitioner further points out that
several of the absences admitted to were prior to the date of the incidents which have given rise to Respondent's instant motion.
Previously and on April 13, 2005, the Respondent, represented by counsel, admitted to Paragraph 6 in its entirety , with respect to being absent from school, without legal excuse, for 9 out of 18 days during September 2004, and being illegally absent for every single school day during the months of October 2004, November 2004 and December 2004, and 12 days out of 12 school days during January
2005, at which time the instant petition was verified and shortly thereafter filed with this Court.
Upon Respondent's admission, this Court ordered a Probation investigation and report. It was during that investigation that
the Respondent first made disclosure of two sexual attacks against her by a school bus driver who had transported her home upon a school bus from the school. Respondent has alleged, through her disclosure, that she did not disclose this earlier because that person threatened to kill her if she ever told anyone. Respondent alleges that as a result of this, she stopped going to school, became "school phobic," and was in fear of her safety, and that of her siblings, who also attend within the same school district and who also allegedly were the subject of threats, to the Respondent, by the alleged perpetrator. The Respondent has also now fully cooperated with the Special Victims Unit of the Nassau County Police Department, and the Police are allegedly searching for the perpetrator.
Respondent now moves to vacate her admission, stating that [*2]it was not "voluntary" but was made under duress, that duress being the threat by the Respondent's assailant for Respondent not to
disclose what had been done to her on two occasions. It should be noted that this Court has absolutely no doubt that the Respondent's recent disclosure is genuine with respect to acts perpetrated against her. The Court also notes that she is currently in therapy.
While Respondent moves to withdraw her admission, the Court notes that there is no comparable provision in Article 7 (PINS) as exists in Article 3 (JD). Family Court Act §321.4 is headed "With-
drawal of an admission or denial," and states, in subparagraph 2:
 At any time prior to the entry of a finding
 under section 352.1 the court in its dis-
 cretion may permit a respondent who has entered

 an admission to the entire petition or to part of the petition to withdraw such admission, and
 in such event the entire petition as it existed
 at the time of the admission shall be restored.
Likewise, Article 3 contains FCA §321.3., "Acceptance of an ad-mission," which states what is necessary to obtain, by way of allocution, an admission to a juvenile delinquency petition. Again, there is no comparable Article 7 provision.
Lastly, FCA §315.2 is entitled, "Motion to dismiss in further-ance of justice," and lists the circumstances under which the Court may dismiss one or more counts of a JD petition, and the considera-
tions the Court must give to the list set forth in the statute. That list includes, "(a) the seriousness and circum-stances of the crime; (e) the needs and best interest of the respondent;" and (g) "any other relevant fact indicating that a finding would serve no useful purpose." §315.2(2) states that such an order to dismiss a
petition in the interest of justice may be issued upon motion of the petitioner, the respondent, or the court itself. Again, there is no comparable provision in Article 7.
Family Court Act §762 states:
[*3]
For good cause, the court on its own motion
or on motion of any interested person acting
on behalf of the respondent may stay execu-
tion of, arrest, set aside, modify or vacate
any order issued in the course of a proceed-
ing under this article.
In the sad circumstances of this case, this Court can think of no more pressing instance to grant a dismissal in the interests of justice. While it is true that several of the absences occurred prior to the first alleged sexual assault upon the Respondent, nevertheless, virtually all of the admitted dates the Respondent was absent occurred subsequent to the first assault. Now that dis-
closure has been made and Respondent is in therapy, hopefully she can rebound and get her life together.
Here, when this Court took the Respondent's admission, it went through the necessary allocution in order to determine that the Respondent entered the admission knowingly, voluntarily, and will-ingly, and that nobody had forced her or threatened her to make the
admission. Respondent now alleges that the admission was not in fact entered voluntarily, as the Respondent was under threats by her assailant of bodily injury or worse, not only to herself, but to her siblings. Again, although there is nothing in Article 7 regarding this, this Court analogizes the issues now before it, to criminal court matters. Criminal Procedure Law §220.60 allows the court, in its discretion, to withdraw a guilty plea. See People v White, 226 AD2d 750 (2d Dept 1996), appeal den'd 88 NY2d 943 (1996); People v Nuzzi, 6 Misc 3d 127A (App Term, 9th and 10th Jud Dists, 2004); and People v Alexander, 97 NY2d 482 (2002). These cases state that the trial judge is the one best able to determine whether a plea is entered voluntarily or not. Again, however, there is no comparable statute in an Article 7 matter. The question for this Court thus becomes whether this Court has authority to vacate an admission "in the interests of justice."
The Court has thoroughly researched the sparse case law with respect to the issue of whether a PINS petition may be dismissed subsequent to an admission (or even previous to an admission)in the interests of justice. Respondent cites only one applicable case, 
In the Matter of Robert T. Doe, 194 Misc 2d 93 (Family Court of New York, Delaware County, 2002), where the Court dismissed a school PINS petition in the interests of justice. That Court stated, as its authority, in a footnote at pages 96-97:
While the provisions of article 7 of the
enactment do not provide a statutory ground
for the Law Guardian's motion to dismiss on
such a ground, it is within the inherent
authority of the court to dismiss "in the
interests of justice." Authority for dis-
missal on this ground is also implied under
article 7 since the Legislature provided
for such a basis for dismissal when it
addressed the much more serious conduct of
juvenile delinquents under the provisions
of FCA §315.2.
This Court's research has found only two additional cases that address this issue. In the Matter of Ruffel P., 153 Misc 2d 702 (Family Ct of New York, Orange Cty, 1992), a school PINS proceeding, the Court granted the Law Guardian's motion to dismiss
in "the interests of justice." Without citing any authority, the Court stated in a footnote, at p. 706: "The mandate of the Family Court is to act in the best interest of the child when exercising its role as parens patriae'."
In the Matter of Kerri H., 193 Misc 2d 238 (Family Ct of New York, Seneca Cty, 2002), the Law Guardian moved to dismiss the petition, after admission, but before disposition, "in the interest of justice." The Court stated the following:
The initial problem this court perceives
with the motion is a lack of authorization
for the court to grant the relief requested,
even if it determined the application was
facially meritorious. The only section in
article 7 of the Family Court Act which
[*4]
allows for dismissal in the interests of
justice is section 751.
That section provides the court may, in its
discretion, dismiss the PINS petition in one
type of situation: "If....the probation ser-
vice has exhausted its efforts to successfully
adjust [the] case as a result of the petition's
[sic] failure to provide reasonable assistance
to the probation service." (Family Ct Act §751).
No other circumstances are set forth which
would warrant this type of relief. [Ibid @ 239].
The Kerri H. Court then discussed In the Matter of Ruffel P., supra, stating the following:
The [Ruffel P.] court found the authority [to
dismiss in the interests of justice] to be an
"inherent" power and also "implied" because
a motion to dismiss in the interest of justice
is statutorily presented in juvenile delinquency
cases. (Family Ct Act §315.2). I do not agree.
No authority was set forth for these conclusions,
and with due respect to the Ruffel court, so con-
cluding smacks of "judicial legislation." [Ibid @
239, 240].
After denying the Law Guardian's motion, the Kerri H. court stated that whether the Respondent was in need of supervision at all, or in need of treatment, "will of course be made only after hearing all presentations made at disposition." Ibid @ 240.
While this Court has the highest regard for its sister Family Courts in Delaware and Orange Counties, the two trial level cases
discussed above are not binding upon this Court. Neither matter was appealed, and the Respondent submits no authority whatsoever from any higher court, nor has this Court found any higher authority. This Court fully adopts the reasoning of Kerri H.
The Family Court is a court of limited jurisdiction; it may exercise only those powers specifically granted to it by the State Constitution (Art. VI, §13) as more fully specified in the Family Court Act. Matter of Walker v Walker, 86 NY2d 624, 629 (1995); 
Sparacio v Sparacio, 248 AD2d 705 (2d Dept 1998); Matter of [*5]Mancini v Mormile, 234 AD2d 461 (2d Dept 1996); and In the Matter of Dale P., 189 AD2d 325, 333 (2d Dept 1993), lv to appeal granted 82 NY2d 661 (1993), order aff'd as mod 84 NY2d 72 (1994).
The matter at bar is no different from Aloi v Aloi, decided by this Court on October 15, 2003. In that matter, a family offense
proceeding was settled on consent, with the order to be in effect for a period of one year. Subsequent to the expiration of that order, the Respondent moved for a return of his weapons which had been previously seized by the Sheriff, pursuant to Court order, at the commencement of the proceeding. The Court denied the Respon-dent's application, for lack of jurisdiction, and that order was affirmed at 10 AD3d 655 (2d Dept 2004).
The Respondent then proceeded in the Supreme Court against the Nassau County Sheriff's Department, in accordance with the direction of the Appellate Division as cited above. Aloi v Nassau County Sheriff's Department, 9 Misc 3d 1050 (New York Sup Ct, Nassau Cty, 2005). In her decision, Justice Jonas granted the Respondent's petition for return of the firearms, but reviewed the applicable law, and stated strongly that, in her opinion, the
Family Court should in fact have jurisdiction over such a matter. She stated that "it appears to be a legislative oversight in not providing the Family Court judge with continued jurisdiction" over such a matter. She concluded her decision as follows: "Accordingly, this Court strongly urges legislation to amend Section 842-a of the Family Court Act to provide Family Court judges with not only the
authority to seize firearms pursuant to an order of protection but also the discretion to determine when or if said firearms should be returned."
In a recent matrimonial action where the Plaintiff attempted to prove grounds for matrimonial fault, based upon a new theory not addressed by statute, the Court refused to "step into a legislative
void and craft new or alternative grounds for divorce." X.J. v F.J., NYLJ 10/21/05, p. 23 col. 3 (Sup. Ct of New York, Queens Cty., Lebowitz, J.).
[*6]
Lastly, and to the same effect, are two decisions recently decided by this Court, and both entitled In the Matter of F.V. v M.D., 9 Misc 3d 1111A (Family Ct of New York, Nassau Cty, 2005); and 10 Misc 3d 1067A (Family Ct of New York, Nassau Cty, 2005). In those two decisions, this Court held that, despite compelling
facts, the movant had no remedy in the Family Court , and the Court would not "legislate" such a remedy.
Although this Court greatly sympathizes with the Respondent and her current predicament, it cannot grant the relief she seeks, as there is no statute , authority or binding precedent applicable to this situation before this Court.
Accordingly, the Respondent's instant notice of motion is denied in all respects.
Counsel and the parties are directed to appear before this Court on Wednesday, March 15, 2006 at 9:00 a.m. for a pre-disposition conference.
This constitutes the Decision and Order of the Court.
Dated: Westbury, New York
 February 27, 2006

 E N T E R:
 
 HON. RICHARD S. LAWRENCE, J.F.C.
TO:

[*7]