OPINION OF THE COURT
John M. Hunt, J.
By application filed pursuant to Family Court Act § 842 on *672 December 2, 2011 the petitioner, Juanita D., has moved for an order extending an order of protection issued by the Family Court, Queens County (Terrence C. O’Connnor, J.) on December 2, 2009.
By petition filed pursuant to Family Court Act § 821 on August 26, 2009 petitioner, Juanita D., alleged that her son, Mario D., had committed one or more family offenses, as defined by Family Court Act § 812 (1). The family offense petition alleged, in pertinent part, that the respondent had assaulted and harassed the petitioner as well as petitioner’s daughter (respondent’s sister), who is stated to be “legally blind” and suffer from “mild mental retardation.”
Following preliminary proceedings upon the petition, a fact-finding hearing was conducted before the Family Court on December 2, 2009. At the conclusion of the hearing, Judge O’Connor determined that petitioner had established by a preponderance of the evidence that the respondent had committed the family offenses of attempted assault and harassment (Family Ct Act § 832). The Family Court proceeded to a dispositional hearing and at the conclusion thereof, the court issued a final order of protection for a period of two years in favor of the petitioner (Family Ct Act § 841 [d]; § 842). The order of protection directed that the respondent commit no further family offenses against his mother or his sister, and the order further directed that the respondent stay away from his mother and his sister, stay away from the home of his mother and sister, stay away from the school attended by his sister, stay away from the business or places of employment of his mother and sister. The final sentence of the court’s order states that “[i]t is further ordered that this Order of Protection shall remain in effect until and including December 2, 2011.”
On December 2, 2011 the petitioner filed the present application seeking an extension of the December 2, 2009 final order of protection. In support of this application, Ms. D. states: “[s]ince the entry of said order, there has been a change of circumstances in that petitioner states, I would like to extend the court Order of Protection forever. I feel safer for my daughter . . . Alexandra D. We do not trust Mario and fear for our safety.”
Petitioner’s application does not allege any violations of the December 2, 2009 final order of protection, and the court record indicates that there have been no applications to reconsider or modify the order of protection or any violation petitions filed since December 2, 2009 (see Family Ct Act §§ 844, 846).
*673 In 2010 the Legislature amended Family Court Act § 842 to permit the filing of motions to extend a final order of protection (L 2010, ch 325). The pertinent portion of the statute reads as follows:
“The court may also, upon motion, extend the order of protection for a reasonable period of time upon a showing of good cause or consent of the parties. The fact that abuse has not occurred during the pendency of an order shall not, in itself, constitute sufficient ground for denying or failing to extend the order. The court must articulate a basis for its decision on the record.”
The available legislative history includes a State Assembly memorandum in support of the legislation (Assembly Mem in Support, L 2010, ch 325, 2010 McKinney’s Session Laws of NY, at 1899-1890). According to the memorandum, the purpose of the legislation is “to strengthen current provisions of the law to protect victims of domestic violence. It permits victims with existing orders of protection who are seeking to prevent a recurrence of domestic abuse to extend their order upon a showing of good cause” (id. at 1899).[1]
Accordingly, Family Court Act § 842, as amended, authorizes the Family Court to extend an order of protection “for a reasonable period of time” where the parties consent to an extension or where the court finds that there is “good cause” to extend the order. This portion of the family offense statute does not mandate that the moving party prove that additional family offenses have been committed subsequent to the issuance of the final order of protection, nor does the statute require an evidentiary hearing upon the motion, as that could, in a severe case of domestic violence, essentially force the victim or victims to relive the past.abuse they have suffered. Of course, where “good cause” is not ascertainable from the motion papers, which should be read in conjunction with the record of the prior proceedings which led to the issuance of the order of protec *674 tion,[2] or where the party enjoined by the order of protection can articulate some valid reason why the motion should be denied, the court can receive testimony as an aid to resolving disputed issues of fact.
As explained in the legislative memorandum, “victims should not have to wait for another family offense before an order is extended and that protection from further abuse and prevention of additional violence is a primary goal of the family offense statute” (id. at 1900). It is for these compelling reasons that the Legislature has created this summary-type motion procedure which applies where a protected party requests that an existing order of protection be extended. It is also clear that the amendment to the statute was not intended to permit the perpetrator to relitigate the incident or incidents underlying the initial family offense petition, or to provide the perpetrator with an opportunity to inflict psychological harm upon the victim or victims.
In this case, the Family Court conducted a contested fact-finding hearing upon Juanita D.’s family offense petition which alleged, inter alia, that her son, Mario D., was verbally abusive and attempted to hit her when she refused to take out a $30,000 loan for his use, that the respondent had been “abusive” in the past, and that respondent “has smacked” and been “verbally abusive” to his sister who “is legally blind and has mild mental retardation.” In an earlier incident, respondent “snatched all the phones” when the petitioner attempted to call the police to the home, and that when petitioner “tried to open the front door to yell for help” the respondent “pushed me and pushed the door” and “I was not able to get help.” At the conclusion of the fact-finding hearing, the court found that petitioner had established that respondent had committed the family offenses of attempted assault and harassment, and at the conclusion of the dispositional hearing, the court issued an order of protection for two years which directed that the respondent commit no further family offenses against his mother or his sister, and that he stay away from his mother and sister and their home. *675 There have been no violation petitions filed since the order was issued on December 2, 2009, and this leads to the conclusion that the order has achieved its purpose in preventing family violence and family disruption.
*674 “[a]n applicant’s request for an extension should be viewed in the context of the facts of the case, including present circumstances, past abuse by the respondent, threats of abuse by the respondent and relevant information concerning the safety and protection of the protected persons with the primary goal to prevent a recurrence of abuse” (Assembly Mem in Support at 1900).
*675 Under these circumstances the court finds that there is good cause to extend the order of protection for an additional two-year period upon the same terms and conditions set forth in that order.
It is therefore ordered, that the motion of the petitioner, Juanita D., for extension of the order of protection issued on December 2, 2009 is granted upon the court’s determination that good cause exists for the extension (Family Ct Act § 842); and it is further ordered, that an order of protection containing the same terms and conditions set forth in the December 2, 2009 order of protection shall be prepared, and that the expiration date of the new order of protection shall be December 2, 2013.
This constitutes the decision and order of the court.[3]

. The 2010 amendment to Family Court Act § 842 repealed the existing portion of the section which had authorized the Family Court to extend an order of protection for a reasonable period of time “upon the showing of special circumstances” (e.g. Matter of Waldman v Waldman, 47 AD3d 637, 638 [2008], lv denied 11 NY3d 705 [2008]). However, prior to 2010 the statute provided no specific procedure by which a party could seek to extend an order of protection.

. In this regard, the legislative memorandum states that

. This order supersedes the prior order issued by this court on March 13, 2012.