■ In the Matter of CHANA TAUB, Appellant, v SIMON TAUB, Respondent. [942 NYS2d 145]—

In a family offense proceeding pursuant to Family Court Act article 8, the wife appeals from an order of the Family Court, Kings County (Krauss, J.), dated January 19, 2011, which granted the husband's motion to confirm the report of a Judicial Hearing Officer (Staton, J.H.O.), dated August 23, 2010, made after a hearing, and, thereupon, denied her petition, dismissed the proceeding, and enjoined her from seeking relief in the Family Court of the State of New York, in any proceeding pursuant to Family Court Act article 8, except by motion or application for judicial action made on notice to the husband.

Ordered that the order is affirmed, with costs.

The Family Court properly granted the husband's motion to confirm the report of a Judicial Hearing Officer which, among other things, recommended denying the wife's petition for an order of protection pursuant to Family Court Act article 8. A Judicial Hearing Officer's report should be confirmed when the findings are substantially supported by the record, and the Judicial Hearing Officer has clearly defined the issues and resolved matters of credibility (*see Breidbart v Wiesenthal*, 44 AD3d 982, 984 [2007]). The Judicial Hearing Officer is in the best position to evaluate the credibility of the witnesses (*see York v York*, 250 AD2d 841 [1998]; *Loeb v Loeb*, 186 AD2d 174 [1992]). At the hearing in this matter, the Judicial Hearing Officer found the husband and his supporting witnesses more credible than the wife and her supporting witness. As the findings

of the Judicial Hearing Officer are supported by the record, the Family Court properly confirmed the Judicial Hearing Officer's recommendation, based upon those findings, to deny the petition and dismiss the proceeding (*see Dayan v Yurkowski*, 30 AD3d 561 [2006]; *Royal & Sun Alliance v New York Cent. Mut. Ins. Co.*, 29 AD3d 886 [2006]).

The Family Court providently exercised its discretion in confirming the Judicial Hearing Officer's recommendation to enjoin the wife from seeking relief in the Family Court of the State of New York, in any proceeding pursuant to Family Court Act article 8, except by motion or application for judicial action made on notice to the husband. Family Court Act § 828 (3) permits the court to issue a temporary order of protection ex parte or on notice. Here, the record amply shows that the wife has repeatedly obtained an ex parte temporary order of protection against the husband based on unsubstantiated allegations of abuse. While public policy generally mandates free access to the courts, a party may forfeit that right by abusing the judicial process, and equity may enjoin such conduct (*see Matter of Reiss v Giraldo*, 77 AD3d 759 [2010]; *Matter of Simpson v Ptaszynska*, 41 AD3d 607 [2007]; *Sassower v Signorelli*, 99 AD2d 358 [1984]). Contrary to the wife's contentions, she is not without recourse should she actually be the victim of spousal abuse, as the order appealed from does not restrict her from obtaining police assistance or from obtaining an order of protection on notice.

Accordingly, the Family Court providently exercised its discretion in precluding the wife from using Family Court Act article 8 as a sword against the husband instead of a shield (*see Chieco v Chieco*, 170 AD2d 569 [1991]).

The wife's remaining contentions are without merit. Florio, J.P., Balkin, Lott and Miller, JJ., concur.