**47** In the Matter of BARBARA MUELLER, Respondent, v CHRISTOPH MUELLER, Appellant. [946 NYS2d 503]—

In a family offense proceeding pursuant to Family Court Act article 8, the husband appeals from an order of the Family Court, Suffolk County (Cheng, J.), dated June 8, 2011, which

denied his motion, in effect, to enjoin the wife from filing any further petitions pursuant to article 8 of the Family Court Act without prior judicial approval, except by motion or application for judicial action made on notice to the husband.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the husband's motion, in effect, to enjoin the wife from filing any further petitions pursuant to article 8 of the Family Court Act without prior judicial approval, except by motion or application for judicial action made on notice to the husband, is granted.

Although public policy generally mandates free access to the courts (*see Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO*, 38 NY2d 397, 404 [1975]), a party may forfeit that right if he or she abuses the judicial process by engaging in meritless litigation motivated by spite or ill will (*see Matter of Reiss v Giraldo*, 77 AD3d 759 [2010]; *Matter of Molinari v Tuthill*, 59 AD3d 722, 723 [2009]).

Here, the Family Court improvidently exercised its discretion in denying the husband's motion, in effect, to enjoin the wife from filing any further petitions pursuant to article 8 of the Family Court Act without prior judicial approval, except by motion or application for judicial action made on notice to the husband. Between 2007 and 2010, the wife obtained six ex parte temporary orders of protection against the husband, and none of the Family Court Act article 8 petitions that the wife filed against the husband were ever sustained. While Family Court Act § 828 (3) permits the court to issue a temporary order of protection ex parte or on notice, the record supports the husband's contention that the wife obtained the ex parte temporary orders of protection "based on unsubstantiated allegations of abuse" (*Matter of Taub v Taub*, 94 AD3d 901, 902 [2012]). Should the wife actually be the victim of a family offense, she is free to obtain police assistance or an order of protection on notice (*id.*). Accordingly, the husband's motion should have been granted. Skelos, J.P., Balkin, Leventhal and Roman, JJ., concur.