[1 NYS3d 766]

In the Matter of ELLEN Z., Petitioner, v ISAAC D., Respondent.

Family Court, Queens County, January 14, 2015

APPEARANCES OF COUNSEL

*New York Legal Assistance Group*, New York City (*Yisroel Schulman* and *Lana Kleiman* of counsel), for petitioner.

*Isaac D.*, respondent pro se.

*Anne Serby*, Rockaway Park, Attorney for the Children.

## OPINION OF THE COURT

JOHN M. HUNT, J.

Petitioner, Ellen Z., has moved pursuant to Family Court Act § 842 for an order extending the order of protection issued in her favor on November 7, 2013.

On July 13, 2013 Ellen Z. filed a family offense petition against Isaac D., with whom she has two children in common, a daughter born August 24, 2009 and a son born May 28, 2011. A fact-finding hearing upon the family offense petition was commenced but respondent withdrew his denial and consented to the entry of an order of protection in favor of the petitioner without any admission of wrongdoing (Family Ct Act §§ 841 [d]; 842; *e.g. Matter of Rabbani v Mohammad*, 121 AD3d 1120 [2014]).

The order of protection directed, inter alia, that respondent "stay away" from petitioner, her home, school, place of business or employment, that respondent commit no family offenses against her, and that the order of protection was subject to the terms of the order of visitation as to the parties' two children issued under other docket numbers.[1] The court further directed that the parties have no contact except contact incidental to the exchange of the children for visitation, and further that the parties could communicate about visitation via text messaging. Lastly, in accordance with Family Court Act § 842-a, the court ordered that respondent surrender any firearms in his possession and that he be ineligible for issuance of a firearms license

---

1. At the time that the family offense proceeding was resolved, this court entered an order upon the parties' cross custody petitions directing that the mother have legal and physical custody of the children. The father was granted visitation with the children every Sunday from 11:00 a.m. until 6:00 p.m. with the exchange of the children to occur at the 102nd police precinct in Queens County.

during the period of the order of protection (Family Ct Act § 842-a [2]; *see Matter of Blauman v Blauman*, 2 AD3d 727 [2003]; *Matter of Engel v Engel*, 24 AD3d 548, 549 [2005]).

On December 17, 2014 counsel for the mother submitted a proposed order to show cause requesting that this court extend the November 7, 2013 order of protection "until December 31, 2015." In support of the motion petitioner refers to the acts of domestic violence she alleged were committed by respondent in the petition she filed in 2013, and she asserts that based upon the "long history of domestic violence perpetrated by" the respondent against her, she "is fearful for her safety as she continues to have regular contact with [respondent] during court appearances and visitation exchanges." For example, petitioner claims that respondent became verbally aggressive towards her during an exchange of the children at the police precinct in late November 2014 which made her "feel scared and intimidated," and that respondent "continues to harass and intimidate [her] by filing an enforcement petition for visitation" which she asserts is baseless as the allegations in that petition are false.

The records of the Family Court confirm that respondent has filed a petition alleging that the mother has violated the order of custody and visitation by failing to produce the children for weekly visits or by producing them late at the precinct. Respondent father also filed a family offense petition against the mother on December 29, 2014, which was apparently in response to the issuance of the order to show cause seeking extension of the order of protection.

The parties, petitioner's attorney and the attorney for the children appeared upon the order to show cause and upon the father's family offense petition on January 14, 2015. The first issue addressed was the mother's motion for dismissal of the father's family offense petition upon the ground that it was facially defective (*see* Family Ct Act § 821 [1]; *Matter of Pamela N. v Neil N.*, 93 AD3d 1107, 1108 [2012]; *Matter of Jeff M. v Christine N.*, 101 AD3d 1426, 1427 [2012]; *Matter of Jerralynn R. Mc. [Scott Mc.]*, 114 AD3d 793, 794 [2014]).

"In determining whether a petition alleges an enumerated family offense, the petition must be liberally construed, the facts alleged in the petition must be accepted as true, and the petitioner must be granted the benefit of every favorable inference" (*Matter of Arnold v Arnold*, 119 AD3d 938, 939 [2014]; *see also Matter of Clark v Ormiston*, 101 AD3d 870, 871 [2012];

*Matter of Jeff M.*, 101 AD3d at 1427; *Matter of Young v Fitzpatrick*, 106 AD3d 830, 831 [2013]; *Matter of Cote v Berger*, 112 AD3d 821, 822 [2013]; *Matter of Smith v Howard*, 113 AD3d 781 [2014]; *Matter of Craig O. [Barbara P.]*, 118 AD3d 1068, 1070 [2014]).

Upon review of the petition and the argument upon the motion this court finds that the father's petition fails to allege any acts which, if true, would constitute a family offense. The father's petition merely alleged that the mother "got aggressive against me in front of a police officer [and] [s]he was yelling at me that she has an OP against me and she can do anything she wants." The petition fails to specify what conduct by the mother was "aggressive," nor is there any claim that the police made an arrest or took any action as a result of the mother's alleged conduct. Such conclusory and unsubstantiated assertions in a family offense petition are insufficient to withstand a motion to dismiss the petition (CPLR 3211 [a] [7]; *Matter of Davis v Venditto*, 45 AD3d 837, 838 [2007]; *Matter of Price v Jenkins*, 92 AD3d 787 [2012]; *Matter of Dowgiallo v Williams*, 99 AD3d 708, 709 [2012]; *Matter of Ozdemir v Riley*, 101 AD3d 884, 885 [2012]; *Matter of Marino v Marino*, 110 AD3d 887, 888 [2013]; *Matter of Bustamante v Largue*, 112 AD3d 819, 820 [2013]).

Although Family Courts handle crushing case loads under frequently chaotic conditions and the legislature created 25 additional Family Court judgeships across the state in 2015 and 2016 (L 2014, ch 44, amending Family Ct Act §§ 121, 131), Family Court clerks are not empowered to regulate the filing of family offense petitions. Family offense petitions must be prepared and filed upon demand of an unrepresented litigant, whether or not the allegations have any basis in fact or reality (Family Ct Act § 216-c; *Matter of Adefunke A. v Adeniyi A.*, 36 Misc 3d 699, 706-707 [2012]).

Indeed, there is no requirement that family offense petitions be verified by the petitioner (*see* Family Ct Act § 821 [1]; CPLR 3020 [a]),[2] and the Family Court may not award costs or impose financial sanctions for the filing of a frivolous family offense petition (22 NYCRR 130-1.1 [a] ["This Part shall not apply . . . to proceedings . . . under article 3, 7 or 8 of the Family Court

---

2. "A verification is a statement under oath that the pleading is true to the knowledge of the deponent, except as to matters alleged on information and belief, and that as to those matters [s]he believes it to be true" (CPLR 3020 [a]).

Act"]).[3] Thus, the sole available remedy is the extraordinary and sparingly used power to restrict access to the court where it is determined that a party has actually "abuse[d] the judicial process by engaging in meritless litigation motivated by spite or ill will" (*Matter of Mueller v Mueller*, 96 AD3d 948, 949 [2012], *lv denied* 19 NY3d 815 [2012]; *see also Matter of Manwani v Manwani*, 286 AD2d 767, 768-769 [2001]; *Matter of Taub v Taub*, 94 AD3d 901, 902 [2012], *lv denied* 19 NY3d 809 [2012]; *Matter of Price v Jenkins*, 99 AD3d 915 [2012]).

■ Having summarily dispensed with the father's family offense petition, and having considered the papers submitted upon the mother's order to show cause and the arguments thereon, this court finds good cause to grant the mother's motion to extend the November 7, 2013 order of protection.

Family Court Act § 842 was amended in 2010 to authorize the extension of an order of protection "upon motion . . . for a reasonable period of time upon a showing of good cause or consent of the parties" (L 2010, ch 325, § 1). The statute specifically provides that "[t]he fact that abuse has not occurred during the pendency of an order shall not, in itself, constitute sufficient ground for denying or failing to extend the order. The court must articulate a basis for its decision on the record" (Family Ct Act § 842).

While the statute does not define the terms "reasonable period of time" or "good cause" relative to the court's authority to extend an order of protection (Merril Sobie, 2010 Supp Practice Commentaries, McKinney's Cons Laws of NY, Family Ct Act § 842, 2015 Pocket Part at 114), it is clear from the legislative history that the amendment was intended to enhance protection for victims of domestic violence by permitting them to obtain an extension of an existing order of protection to prevent a recurrence of domestic abuse. This relief may be granted whether or not domestic abuse has been perpetrated while the order of protection has been in effect (*Matter of Juanita D. v Mario D.*, 35 Misc 3d 719, 721 [2012]).

While a formal evidentiary hearing is not mandated in connection with a motion requesting extension of an order of

---

**3.** The rule defines "frivolous conduct" as action that "is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" or is "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" or "asserts material factual statements that are false" (22 NYCRR 130-1.1 [c] [1]-[3]; *see Matter of Miller v Miller*, 96 AD3d 943, 944 [2012]).

protection (*id.*), the court reviewed the history of the case which led to the issuance of the order of protection, it considered the related custody and visitation proceedings that were adjudicated at the same time as the family offense petition, and it reviewed the affirmation of the mother's attorney and the affidavit of the mother which were submitted in support of the motion. Additionally, the court heard argument from counsel for the mother, the attorney for the children, and the father prior to reaching a decision upon the motion.

The record demonstrates that the parties continue to have disputes over the father's visitation with the children pursuant to the order which directs that the children be exchanged by the parents inside of a police precinct for reasons of safety. These disputes have led to the father's filing of an enforcement petition alleging that the mother has violated the order of visitation, as well as his filing of the family offense petition which this court has dismissed. Based upon the prior incidents of domestic violence as alleged in the underlying family offense petition filed by the mother, the continuing friction surrounding the father's visitation with the parties' children as set forth in counsel's affirmation, the mother's affidavit, and the father's family offense petition, this court credits the mother's claim that she continues to have a fear that the father may commit additional acts of domestic violence against her should the order of protection not be extended. The court also credits the mother's claim that her recent interactions with the father have caused her to "feel scared and intimidated."

Family Court Act § 842 permits extension of an order of protection for a "reasonable period of time" for the purpose of preventing a recurrence of domestic violence, whether or not violence has occurred during the existence of the order (*Juanita D.*, 35 Misc 3d at 721-722; 1 New York Law of Domestic Violence § 3:53 [3d ed 2014]). Here the mother has articulated her continued fear of the father based upon his past conduct and the ongoing friction occasioned by his visitation with the children which brings the parents into contact with each other on a weekly basis.

Based upon the record, the court finds good cause to grant the motion for extension of the order of protection as requested by the mother. The fact that there have been no physical confrontations or assaults between the parties during the existence of the order of protection verifies that the order is serving its intended purpose of preventing violence and family disruption (Family Ct Act § 812 [2] [b]).

In light of the age of the parties' children and the fact that the parties will continue to have face-to-face contact when they exchange the children, the court concludes that it is reasonable to extend the order of protection for an additional two years, as that is the maximum duration of an order of protection in a case such as this which does not involve a finding that aggravating circumstances exist (Family Ct Act §§ 827 [a] [vii]; 842).

Accordingly, it is hereby ordered that the mother's motion for an order extending the order of protection dated November 7, 2013 is granted; and it is therefore ordered that the order of protection dated November 7, 2013 is hereby extended upon the same terms and conditions until January 13, 2017 (Family Ct Act § 842).