Matter of Henshaw v Hildebrand (2021 NY Slip Op 00653)





Matter of Henshaw v Hildebrand


2021 NY Slip Op 00653


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, TROUTMAN, AND WINSLOW, JJ.


14 CAF 19-00053

[*1]IN THE MATTER OF ADAM HENSHAW, PETITIONER-APPELLANT,
v
CAROLINE HILDEBRAND, RESPONDENT-RESPONDENT. (APPEAL NO. 1.) 






CARA A. WALDMAN, FAIRPORT, FOR PETITIONER-APPELLANT.
PAUL BLEAKLEY, GENEVA, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Ontario County (Frederick G. Reed, A.J.), entered October 29, 2018 in a proceeding pursuant to Family Court Act article 8. The order granted respondent's motion to dismiss the petition. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, the petition is reinstated, and the matter is remitted to Family Court, Ontario County, for further proceedings in accordance with the following memorandum: In appeal No. 1, petitioner father appeals from an order granting respondent mother's motion to dismiss his family offense petition brought against her under Family Court Act article 8. In appeal No. 2, the father appeals from an order granting the mother's oral motion to dismiss his petition seeking enforcement of an existing custody and visitation order against her under article 6.
We agree with the father in appeal No. 1 that Family Court erred in granting the motion. The father stated a cause of action for at least harassment in the second degree under Penal Law § 240.26 (3), based on his allegations that the mother contacted him by text and telephone a minimum of 110 times over two days, even after he told her to stop contacting him (see Matter of Angelique QQ. v Thomas RR., 151 AD3d 1322, 1323 [3d Dept 2017]; Matter of James XX. v Tracey YY., 146 AD3d 1036, 1039 [3d Dept 2017]; see also Matter of Finn v Harrison, 188 AD3d 1200, 1201 [2d Dept 2020]). Contrary to the mother's assertion, there is no requirement that a family offense petition be verified (see Family Ct Act § 821 [1]; Matter of Ellen Z. v Isaac D., 47 Misc 3d 389, 392 [Family Ct, Queens County 2015]). We further agree with the father that the court acquired personal jurisdiction over the mother with respect to the family offense petition, despite the fact that she was residing in Texas, inasmuch as the father fulfilled all necessary requirements (see CPLR 302 [b]; Family Ct Act § 154 [c]), and the mother admitted service of the family offense petition by mail (see CPLR 312-a). We therefore reverse the order in appeal No. 1, deny the motion, reinstate the family offense petition, and remit the matter to Family Court for further proceedings on the petition.
With respect to appeal No. 2, we note as a preliminary matter that the mother's oral motion to dismiss the enforcement petition was not made on notice, and thus the father may not appeal as of right from the order deciding that motion (see CPLR 5701 [a] [2], [3]; Braun v Cesareo [appeal No. 6], 170 AD3d 1540, 1541 [4th Dept 2019]; see also Sholes v Meagher, 100 NY2d 333, 335 [2003]). In the exercise of our discretion, however, we treat the notice of appeal in appeal No. 2 as an application for permission to appeal and grant such permission (see Czechowski v Buffalo Niagara Med. Campus, Inc., 175 AD3d 1817, 1817 [4th Dept 2019]).
We agree with the father in appeal No. 2 that the court erred in granting the motion. Insofar as the court granted the motion on the ground that the State of Texas was the appropriate forum, " '[t]he issue of inconvenient forum dismissal is addressed to Family Court's discretion [*2]after consideration of the statutory factors' " (Matter of Montanez v Tompkinson, 167 AD3d 616, 618 [2d Dept 2018]; see Domestic Relations Law § 76-f [2]), and thus "[t]he court is required to consider the statutory factors and allow the parties to submit information regarding these factors before determining that New York is an inconvenient forum" (Matter of Helmeyer v Setzer, 173 AD3d 740, 743 [2d Dept 2019]). Here, the court failed to permit the father to submit information concerning the statutory factors, and the record does not indicate whether the court considered them; thus, the court erred insofar as it granted the motion on that basis (see Graves v Huff [appeal No. 2], 169 AD3d 1476, 1477 [4th Dept 2019]). In any event, we conclude that the court erred in granting the motion inasmuch as the mother submitted no evidence in support of the motion and failed to specify any statutory or other legal basis for the requested relief (see LaGuardia v City of New York, 237 AD2d 257, 257 [2d Dept 1997]; see also Village of Sharon Springs v Barr, 165 AD3d 1445, 1447 [3d Dept 2018]; Matter of Goodyear v New York State Dept. of Health, 163 AD3d 1427, 1428 [4th Dept 2018], lv denied 32 NY3d 914 [2019]). We note that the mother had several months to make a proper motion on notice to dismiss the enforcement petition, but she did not do so (see generally Matter of Clark v Kittles, 160 AD3d 1420, 1421 [4th Dept 2018], lv denied 31 NY3d 911 [2018]). We therefore reverse the order in appeal No. 2, deny the motion, reinstate the enforcement petition, and remit the matter to Family Court for further proceedings on the petition. Inasmuch as the limited information in the record before us reflects that the father has had no visitation or contact with the child named in the enforcement petition since the summer of 2017, we direct the court to hold such proceedings forthwith.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court