Matter of Vesire S. v Onder S. (2022 NY Slip Op 07525)

Matter of Vesire S. v Onder S.

2022 NY Slip Op 07525

Decided on December 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 29, 2022

Before: Manzanet-Daniels, J.P., Oing, Singh, Moulton, Mendez, JJ. 

Docket No. O-20305/18 Appeal No. 17001-17000A Case No. 2022-01706 

[*1]In the Matter of Vesire S. Petitioner-Appellant,
v
Onder S., Respondent-Respondent.

Daniel X. Robinson, New York, for appellant.
The Law Office of Rachel S. Silberstein, New York (Rachel S. Silberstein of counsel), for respondent.

Orders, Family Court, New York County (Jacob K. Maeroff, Referee), entered on or about April 5, 2022, which, after a fact-finding hearing, dismissed the family offense petition and barred petitioner from filing further family offense petitions without leave of court, unanimously affirmed, without costs.
Family Court properly dismissed the petition, as petitioner failed to establish by a preponderance of the evidence that respondent committed any of the family offenses alleged (see Family Ct Act § 832; Matter of Everett C. v Oneida P., 61 AD3d 489, 489 [1st Dept 2009]). The court found petitioner's testimony to be wholly incredible, and credited respondent's testimony that the allegations were untrue. Further, some of the allegations had been raised in a prior family offense petition brought in New Jersey, and dismissed on the merits after a trial.
The fact that the record on appeal is missing many of the hearing exhibits does not justify a reversal or remand for a reconstruction hearing. The missing exhibits have no "substantial importance" to the issues raised on appeal, particularly given that much of the relevant information contained in them can be gleaned from the transcripts of the hearing testimony (People v Yavru-Sakuk, 98 NY2d 56, 60 [2002]).
The court providently exercised its discretion in enjoining petitioner from filing any further family offense petitions without leave of court. "While public policy generally mandates free access to the courts, a party may forfeit that right by abusing the judicial process, and equity may enjoin such conduct" (Matter of Taub v Taub, 94 AD3d 901, 902 [2d Dept 2012], lv denied 19 NY3d 809 [2012]). Here, the record shows that, since 2015, petitioner has repeatedly filed family offense petitions against respondent, some of them redundant, and all of them dismissed. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2022