■ In the Matter of DEVKI P. MANWANI, Appellant, v PARSRAM MANWANI, Respondent. [730 NYS2d 520] —In a support proceeding pursuant to Family Court Act article 4, the wife appeals from (1) an order of the Family Court, Queens County (Bogacz, J.), dated September 27, 1999, which denied her objections to an order of the same court (Gartner, H.E.), dated May 24, 1999, denying her petition for an upward modification of spousal support, and confirmed that order, and (2) an amended order of the same court, dated February 1, 2000, which granted her motion to modify the order dated September 27, 1999, to

reflect that an amended order of dismissal, dated August 11, 1999, was issued by the Hearing Examiner.

Ordered that the appeal from the amended order dated February 1, 2000, is dismissed, without costs or disbursements, as the petitioner is not aggrieved by the amended order (see, CPLR 5511); and it is further,

Ordered that the order dated September 27, 1999, is affirmed, without costs or disbursements; and it is further,

Ordered that the petitioner is enjoined from bringing any further petitions for upward modification of spousal support without the advance permission of the Supervising Judge of Family Court, Queens County; and it is further,

Ordered that the approval of the petitioner's power of attorney to her son Ram Manwani to authorize him to appear in court on her behalf as a *pro se* petitioner is revoked.

The Family Court properly denied the wife's objections and confirmed the Hearing Examiner's order denying her petition for an upward modification of spousal support. The instant petition is the 27th such petition filed by the wife since the parties separated in 1988. The prior petitions were denied for lack of proof, and this petition was an improper attempt by the wife to relitigate these prior orders, without any proof of a change in circumstances since the preceding order (see, Family Ct Act § 412; Domestic Relations Law § 236 [B] [9] [b]). The wife alleged that she has increased medical costs, but she failed to show that the husband has any additional financial resources from which to pay them. Accordingly, we affirm the Family Court's order dated September 27, 1999.

The petitioner has brought multiple applications for upward modification of support that are based on speculation and lack any evidentiary substantiation. She has followed the dismissal of each petition with another seeking the same relief based on the same allegations bereft of support. This tactic has harassed her elderly former spouse and abused the judicial system, burdening an already overburdened Family Court. But for her limited financial circumstances, we would be inclined to sanction the petitioner pursuant to 22 NYCRR 130-1.1. Under the particular circumstances here, a more effective remedy for the abuses the petitioner has engaged in is to revoke our recognition of the power of attorney authorizing her son to appear for her and to enjoin further litigation without prior permission of the Supervising Judge of Family Court, Queens County (see, *Sud v Sud*, 227 AD2d 319; *Ultracashmere House v Kenston Warehousing Corp.*, 166 AD2d 386). When "a litigant is abusing the judicial process by hagriding individuals solely out of

ill will or spite, equity may enjoin such vexatious litigation" (*Sassower v Signorelli,* 99 AD2d 358, 359; *see also, Matter of Shreve v Shreve,* 229 AD2d 1005). Santucci, J. P., S. Miller, Smith and Crane, JJ., concur.