■ In the Matter of WILLIAM E. WARD JR., Appellant, v SHEILA M. JONES, Respondent. [757 NYS2d 127] —Crew III, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered September 5, 2001, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for visitation with the parties' children.

Petitioner and respondent are the biological parents of two children, born in 1993 and 1994. In 1999, petitioner was convicted of criminal possession of a weapon in the first degree and sentenced to a determinate term of 25 years in prison. The conviction stemmed from petitioner's efforts to have a pipe bomb placed near the exhaust manifold of respondent's vehicle in an effort to kill respondent and her paramour (*see People v Ward*, 282 AD2d 819 [2001], *lv denied* 96 NY2d 942 [2001]). Thereafter, in October 2000, petitioner commenced the instant proceeding seeking visitation with his children. Following a hearing, at which the parties appeared pro se and testified, Family Court denied petitioner's application, finding that visitation would not be in the children's best interests. This appeal by petitioner ensued.

We affirm. Initially, we reject petitioner's contention that he had a right to assigned counsel in accordance with the provisions of Family Ct Act § 262. Although petitioner concedes that he does not fall within any of the enumerated subdivisions permitting the assignment of counsel under Family Ct Act § 262 (a), he nonetheless asserts that such assignment is required pursuant to Family Ct Act § 262 (b), which provides, in relevant part, that "a judge may assign counsel to represent any adult in a proceeding under this act if he determines that such assignment of counsel is mandated by the constitution of

the state of New York or of the United States."[1] Based upon our review of the relevant case law, we conclude that petitioner does not have a constitutional right to assigned counsel under the circumstances now before us and, as such, his request in this regard was properly denied.

As petitioner notes, "[w]hen the State moves to destroy weakened familial bonds, it must provide the parents with fundamentally fair procedures" (*Santosky v Kramer*, 455 US 745, 753-754 [1982]). The right to due process, however, is not to be equated with the right to the automatic appointment of assigned counsel for all indigent litigants. Rather, as the United States Supreme Court has made clear, there exists a "presumption that an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty" (*Lassiter v Department of Social Servs. of Durham County, N.C.*, 452 US 18, 26-27 [1981]). This presumption, in turn, must be balanced against the three competing elements of due process—"the private interests at stake, the government's interest, and the risk that the procedures used will lead to erroneous decisions" (*id.* at 27).

Assuming, without deciding, that the denial of petitioner's application for visitation triggers the foregoing presumption and, further, that petitioner's interests outweigh the state's interest in this matter, we nonetheless are unable to discern how the failure to appoint counsel here deprived petitioner of due process. Petitioner was afforded an evidentiary hearing, at which Family Court not only permitted petitioner to state his case for visitation, but tolerated what essentially amounted to petitioner's collateral attack upon his criminal conviction. The issue before the court was not complicated, no expert testimony was required to resolve petitioner's application and respondent was not represented by counsel. Under such circumstances, we are of the view that petitioner was not entitled to assigned counsel under the United States Constitution.

Nor are we persuaded that petitioner enjoys such a right under the New York Constitution. To be sure, the courts of this state have recognized the right of the noncustodial parent to have meaningful visitation with his or her child (*see Szemansco v Szemansco*, 296 AD2d 686, 687 [2002]), and the fact that such parent may be incarcerated "does not, as a general rule, render visitation inappropriate" (*Matter of Trombley v Trombley*, 301 AD2d 890, 891 [2003]; *see Matter of McCrone v Parker*,

---

**1.** We note in passing the curious wording of this subdivision, which appears to vest Family Court with the discretion to afford a party what the court has just determined to be a constitutionally mandated right.

265 AD2d 757, 758 [1999]). These general principles, however, are insufficient to support what petitioner views as his inalienable right to assigned counsel, and we decline the invitation to equate "fundamental fairness" with a constitutional right to the appointment of assigned counsel for all indigent parents seeking visitation with their children.

Petitioner's remaining arguments do not warrant extended discussion. Although petitioner asserts that Family Court erred in taking judicial notice of the transcript of his criminal trial, we need note only that petitioner placed portions of the transcript into evidence during his case-in-chief and failed to object to the Law Guardian's subsequent request to take judicial notice of the entire document. Hence, petitioner's claim that Family Court failed to comply with the provisions of CPLR 4517 is not preserved for our review.[2] Finally, with regard to the merits of petitioner's request for visitation, we cannot say that Family Court erred in concluding that visitation was not in the children's best interests. At the time of the hearing, petitioner had not seen his children in almost three years following his unsuccessful efforts to have respondent killed. This attempt to deprive the children of respondent's guidance and affection can only be viewed as evidencing petitioner's utter indifference to the children's well-being. Accordingly, Family Court's order is affirmed.

Cardona, P.J., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.

---

2. Even assuming that appointed counsel would have succeeded in keeping the entire transcript of the underlying criminal proceeding from being received into evidence, there would remain the matter of petitioner's criminal conviction, as well as respondent's testimony regarding petitioner's allegedly abusive behavior. Accordingly, this omission does not tip the scales in petitioner's favor with regard to the balancing test set forth in *Lassiter v Department of Social Servs. of Durham County, N.C.* (452 US 18 [1981], *supra*).