■ LILYA NUDEL DONSKOI, Appellant-Respondent, v CONSTANTIN DONSKOI, Respondent-Appellant. [830 NYS2d 919]—In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Krauss, J.), dated January 9, 2006, as denied that branch of her motion pursuant to CPLR 3126 which was, inter alia, to preclude the defendant from introducing evi-

dence in support of his claims or defenses, and the defendant husband cross-appeals, as limited by his brief, from so much of the same order as granted those branches of the plaintiff wife's motion which were for reargument of his oral application, in effect, to end the disclosure in the action, to reopen disclosure, for leave to amend her complaint, and for a valuation of the marital residence.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to the defendant husband's contention, the Supreme Court acted properly in reopening disclosure (*see Perez v Perez*, 131 AD2d 451 [1987]). Furthermore, the Supreme Court properly granted that branch of the plaintiff wife's motion which was for leave to amend her complaint (*see* CPLR 3025 [b]; *Surgical Design Corp. v Correa*, 31 AD3d 744, 745 [2006]). The Supreme Court also properly ordered a valuation of the marital residence (*see* 22 NYCRR 202.18). Finally, the Supreme Court did not err in denying that branch of the plaintiff wife's motion which was, inter alia, to preclude the defendant from introducing evidence in support of his claims or defenses because the plaintiff wife failed to prove that he wilfully failed to disclose relevant information (*see* CPLR 3126). Crane, J.P., Goldstein, Fisher and Lifson, JJ., concur.