In the Matter of PHILIP MOLINARI, Appellant, v DAWN TUTHILL, Respondent. [875 NYS2d 495]—

In two related visitation proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Lynaugh, J.), dated October 24, 2007, as, in effect, granted those branches of the mother's motions which were to dismiss the petitions and to require that he seek permission of the court before filing future custody or visitation applications, and denied his request for assigned counsel.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Family Court properly, in effect, granted that branch of the mother's motion which was to dismiss, on the ground of res judicata, those of the father's claims which had been asserted in his prior petition alleging violations of the visitation order, which petition was dismissed with prejudice by order dated April 11, 2007 (see Xiao Yang Chen v Fischer, 6 NY3d 94, 100 [2005]; O'Connell v Corcoran, 1 NY3d 179, 184-185 [2003]; O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]). The

father's new claims that he was denied visitation also were correctly dismissed since he was not entitled to visitation on the days at issue.

The Family Court also properly dismissed the modification petition. Modification of an existing custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child (see Family Ct Act § 652 [a]; Matter of Manfredo v Manfredo, 53 AD3d 498, 499 [2008]; Matter of Shehata v Shehata, 31 AD3d 773, 773-774 [2006]). The only change the petition alleged was that the mother had moved the child's residence a distance of less than 10 miles. Pursuant to the parties' existing arrangement, however, she was allowed to move with the child within a 30-mile radius. Accordingly, the petition failed to allege a change in circumstances sufficient to warrant modification.

In addition, the Family Court properly denied the father's request for assigned counsel, as he does not fall within any of the classes of persons entitled to the assignment of counsel under the provisions of Family Court Act § 262 (cf. Matter of Ward v Jones, 303 AD2d 844 [2003]).

Finally, while public policy generally mandates free access to the courts (see Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO, 38 NY2d 397, 404 [1975]; Matter of Pignataro v Davis, 8 AD3d 487, 489 [2004]; Sassower v Signorelli, 99 AD2d 358, 359 [1984]), a party may forfeit that right if she or he abuses the judicial process by engaging in meritless litigation motivated by spite or ill will (see Matter of Simpson v Ptaszynska, 41 AD3d 607, 608 [2007]; Matter of Pignataro v Davis, 8 AD3d at 489; Matter of Shreve v Shreve, 229 AD2d 1005, 1006 [1996]; Sassower v Signorelli, 99 AD2d at 359). Here, the Family Court providently exercised its discretion in granting that branch of the mother's motion which was to require that the father seek permission of the court before filing future custody or visitation applications. Spolzino, J.P., Santucci, Balkin and Chambers, JJ., concur.