■ In the Matter of MATTHEW REISS, Appellant, v MARIA NELLY GIRALDO, Respondent. [908 NYS2d 600]—

In a visitation proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Queens County (Moriber, J.), dated March 17, 2009, which, after a hearing, dismissed the petition with prejudice.

Ordered that the order is affirmed, without costs or disbursements.

While public policy generally mandates free access to the courts (*see Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO*, 38 NY2d 397, 404 [1975]), a party may forfeit that right if he or she abuses the judicial process by engaging in meritless litigation motivated by spite or ill will (*see Matter of Molinari v Tuthill*, 59 AD3d 722, 723 [2009]; *Matter of Pignataro v Davis*, 8 AD3d 487, 489 [2004]; *Matter of Shreve v Shreve*, 229 AD2d 1005, 1006 [1996]; *Sassower v Signorelli*, 99 AD2d 358, 359 [1984]). Here, considering that the father, who was seeking visitation rights, refused to give his home address, completely failed to cooperate with a court-ordered investigation by the Administration for Children's Services, and disrupted the court proceedings to such an extent that security had to be called, the Family Court providently exercised its discretion in dismissing the petition with prejudice (*see Matter of Simpson v Ptaszynska*, 41 AD3d 607, 608 [2007]; *Matter of Pignataro v Davis*, 8 AD3d at 489; *Matter of Manwani v Manwani*, 286 AD2d 767, 768 [2001]; *Duffy v Holt-Harris*, 260 AD2d 595, 596 [1999]; *Matter of Shreve v Shreve*, 229 AD2d 1005 [1996]).

Contrary to the father's contentions, he does not fall within any of the classes of persons entitled to the assignment of

counsel under the provisions of Family Court Act § 262 (*see Matter of Molinari v Tuthill*, 59 AD3d at 723; *Matter of Edwards v Cade*, 33 AD3d 1087 [2006]; *Matter of Ward v Jones*, 303 AD2d 844 [2003]). Moreover, under the circumstances now before us, we conclude that the father was not entitled to assigned counsel under the United States Constitution or the New York Constitution (*see* Family Ct Act § 262 [b]; *Matter of Ward v Jones*, 303 AD2d at 844-845). In any event, the record shows that the father was indeed assigned counsel, but that such counsel was excused after the father refused to communicate with him or cooperate with any aspect of the proceeding (*see generally Matter of Mooney v Mooney*, 243 AD2d 840, 841 [1997]).

The father's remaining contentions are without merit. Mastro, J.P., Dickerson, Eng and Lott, JJ., concur.