■ In the Matter of FRANCIS CURCIO, Respondent, v MICHELE CURCIO, Appellant. [909 NYS2d 384]—

In a child custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Friedman, J.H.O.), dated October 30, 2009, which granted the father's petition to modify an earlier order of visitation of the same court (O'Connor, J.), dated July 17, 2009, by awarding the father additional visitation.

Ordered that the order dated October 30, 2009, is reversed, on the law, with costs, the petition is denied, and the order of visitation dated July 17, 2009, is reinstated.

The petitioner father and the appellant mother were married on April 30, 2003. They have one son. They were divorced by a

judgment of the Supreme Court, Bronx County, dated November 7, 2007. In an order of visitation dated July 17, 2009, made pursuant to a stipulation between the parties, the Family Court, Queens County (O'Connor, J.), awarded the father visitation every other weekend from Friday at 6:00 P.M. until Sunday at 6:00 P.M., and every Tuesday from 5:00 P.M. until 8:00 P.M.

The father filed a petition dated August 28, 2009, to modify the order of visitation on the grounds that the mother was a poor caregiver, that no one was safeguarding the child, and that the mother had violated the order of visitation. At the ensuing hearing, the mother testified that she had hired a nanny who worked four days a week, and that the child was never left unattended. Although she conceded that she had prevented the father from having his scheduled visitation with the child on one occasion, she testified that the father had similarly violated the order of visitation just days before. The father conceded that he had done so.

In an order dated October 30, 2009, the Family Court, Queens County (Friedman, J.H.O.), found that there had been a change in circumstances since the original order of visitation was issued, and awarded the father additional visitation. The mother appeals.

Modification of an existing custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child (*see* Family Ct Act § 652 [a]; *Matter of Molinari v Tuthill*, 59 AD3d 722, 723 [2009]). Here, the father did not demonstrate that a change in visitation would be in the best interests of the child under all of the circumstances. Thus, the Family Court erred in granting his petition to modify the order of visitation. Mastro, J.P., Leventhal, Hall and Lott, JJ., concur.