■ In the Matter of Jamie L. Wieser, Respondent, v Robert C. Wieser, Appellant. [920 NYS2d 719]—

In related proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Genchi, J.), dated May 18, 2010, as denied those branches of his motion which were to impose sanctions upon the mother pursuant to 22 NYCRR 130-1.1, to enjoin the mother from filing further petitions to modify custody or visitation without permission of the court, and to direct the mother to submit to psychological and alcohol evaluations.

Ordered that the order is affirmed insofar as appealed from, with costs to the mother.

Contrary to the father's contention, the Family Court providently exercised its discretion in denying that branch of his motion which was to impose sanctions upon the mother. The father failed to demonstrate that the mother's conduct was frivolous within the meaning of 22 NYCRR 130-1.1 (c) (*see Kaplon-Belo Assoc., Inc. v D'Angelo*, 79 AD3d 931 [2010]; *Joan 2000, Ltd. v Deco Constr. Corp.*, 66 AD3d 841, 842 [2009]; *cf. Mascia v Maresco*, 39 AD3d 504, 505-506 [2007]; *Greene v Doral Conference Ctr. Assoc.*, 18 AD3d 429, 430-431 [2005]).

While public policy generally mandates free access to the courts (*see Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO*, 38 NY2d 397, 404 [1975]), a party may forfeit that right if he or she abuses the judicial process by engaging in meritless litigation motivated by spite or ill will (*see Matter of Reiss v Giraldo*, 77 AD3d 759, 759 [2010]; *Matter of Molinari v Tuthill*, 59 AD3d 722, 723 [2009]; *Matter of Pignataro v Davis*, 8 AD3d 487, 489 [2004]; *Matter of Shreve v Shreve*, 229 AD2d 1005, 1006 [1996]). Here, the mother did not abuse the judicial process by filing a petition to modify a visitation order and a petition for a violation of the order (*cf. Matter of Manwani v*

*Manwani*, 286 AD2d 767, 768 [2001]; *Matter of Shreve v Shreve*, 229 AD2d at 1006). Accordingly, the Family Court providently exercised its discretion in denying that branch of the father's motion which was to enjoin the mother from filing further petitions to modify custody or visitation without permission of the court.

The father's remaining contentions are without merit. Skelos, J.P., Belen, Lott and Cohen, JJ., concur.