■ SIMON MAYBAUM, Respondent-Appellant, v NADINE MAYBAUM, Appellant-Respondent. [933 NYS2d 43]—

The defendant wife and the plaintiff husband were married on March 13, 1995. Two children were born of the marriage.

In April 2010, the defendant commenced a proceeding pursuant to article 8 of the Family Court Act, alleging that the plaintiff committed certain family offenses. Thereafter, the plaintiff commenced this action for a divorce and ancillary relief on the ground of cruel and inhuman treatment. On April 27, 2010, the parties appeared before the Family Court, Westchester County, and entered into a stipulation on the record. In effect, the parties stipulated that the defendant was withdrawing the pending family offense petition, with prejudice, in exchange for the plaintiff giving the defendant exclusive use of the marital residence. The parties agreed that the stipulation was binding in the action for a divorce pending in the Supreme Court.

Subsequently, the defendant answered the complaint in this action and asserted a counterclaim for a divorce and ancillary relief on the ground of cruel and inhuman treatment. In reply, the plaintiff asserted affirmative defenses, including, as a third affirmative defense, that the defendant's counterclaim was insufficiently specific to meet the requirements of CPLR 3016 (c), and, as a fourth affirmative defense, that the counterclaim was barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, and equitable estoppel, based on the stipulation between the parties.

The parties made several motions and cross motions for relief. The Supreme Court, inter alia, denied that branch of the defendant's motion which was to direct the plaintiff to make payments to a certain school, denied those branches of the defendant's cross motion which were pursuant to CPLR 3211 (b) to dismiss the first, third, and fourth affirmative defenses asserted in the plaintiff's reply to her counterclaim, and pursuant to the Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 to impose sanctions on the plaintiff and/or the plaintiff's attorney, and granted those branches of the plaintiff's motion which were to strike stated paragraphs of the defendant's counterclaim on the grounds of res judicata, collateral estoppel, and equitable estoppel, to strike stated paragraphs of the defendant's counterclaim, in effect, as time-barred, and to strike stated paragraphs of her counterclaim for lack of specificity, and thereupon directed her to file an amended counterclaim. In addition, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were to hold the defendant in civil contempt for her failure to provide an accurate statement of net worth, pursuant to the Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 to impose sanctions on the defendant and/or the defendant's attorney, and pursuant to CPLR 3126 to preclude the defendant from contesting the imputation of income to her. The defendant appeals and the plaintiff cross-appeals. We modify.

The Supreme Court erred in granting that branch of the plaintiff's motion which was to strike stated paragraphs of the defendant's counterclaim on the grounds of res judicata, collateral estoppel, and equitable estoppel. The allegations in the defendant's counterclaim for a divorce on the ground of cruel and inhuman treatment, and the allegations in the plaintiff's family offense petition, did not arise out of the same transaction or series of transactions. "It is not always clear whether particular claims are part of the same transaction for res judicata purposes. A 'pragmatic' test has been applied to make this determina-

tion—analyzing 'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage' " (*Xiao Yang Chen v Fischer*, 6 NY3d 94, 100-101 [2005], quoting Restatement [Second] of Judgments § 24 [2]; *see Smith v Russell Sage Coll.*, 54 NY2d 185, 192-193 [1981]). Applying this test, we conclude that the family offense petition and counterclaim for a divorce on the ground of cruel and inhuman treatment do not form a convenient trial unit. Thus, the defendant is not precluded from litigating her counterclaim for a divorce on the ground of cruel and inhuman treatment in the separate action in the Supreme Court.

"Collateral estoppel, or issue preclusion, 'precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . , whether or not the tribunals or causes of action are the same' " (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349 [1999], quoting *Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). "The doctrine applies if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action" (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d at 349). "[C]ollateral estoppel effect will only be given to matters actually litigated and determined in a prior action" (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456 [1985] [internal quotation marks omitted]). "An issue is not actually litigated if, for example, there has been a default, a confession of liability, a failure to place a matter in issue by proper pleading or even because of a stipulation" (*id.* at 456-457). Here, the issue of whether the plaintiff committed certain acts against the defendant was never determined in the Family Court proceeding, and the defendant's participation in the stipulation to withdraw her family offense petition, with prejudice, cannot be construed to be the kind of determination following a full and fair opportunity to litigate the issues that would be necessary to collaterally estop the defendant from establishing that the plaintiff committed the alleged acts (*see North Shore-Long Is. Jewish Health Sys., Inc. v Aetna US Healthcare, Inc.*, 27 AD3d 439, 440-441 [2006]; *Singleton Mgt. v Compere*, 243 AD2d 213, 216-218 [1998]).

Further, "[t]he circumstances set forth by plaintiff simply do not rise to a level of unconscionability warranting application of equitable estoppel" (*American Bartenders School v 105 Madison Co.*, 59 NY2d 716, 718 [1983]; *see Geller v Reuben Gittelman Hebrew Day School*, 34 AD3d 730, 731-732 [2006]).

Since the doctrines of res judicata, collateral estoppel, and equitable estoppel do not preclude the defendant from litigating certain of the allegations in her counterclaim that were alleged in her family offense petition, the Supreme Court should have granted that branch of the defendant's cross motion which was pursuant to CPLR 3211 (b) to dismiss the plaintiff's fourth affirmative defense alleging that the defendant's counterclaim was barred in whole or in part by the doctrines of res judicata, collateral estoppel, and equitable estoppel, as that defense has no merit.

The Supreme Court further erred in granting that branch of the plaintiff's motion which was to strike stated paragraphs of the defendant's counterclaim, in effect, as time-barred on the ground they alleged acts occurring more than five years prior to the commencement of the action. The allegations in the counterclaim relating to incidents occurring more than five years before the commencement of the action may be properly included to the extent that those allegations may be relevant to an evaluation of a party's claim for a divorce on the ground of cruel and inhuman treatment in the context of the entire marriage (*see Vestal v Vestal*, 273 AD2d 461, 462 [2000]; *Miglio v Miglio*, 147 AD2d 460, 460-461 [1989]). Further, the Supreme Court erred in granting that branch of the plaintiff's motion which was pursuant to CPLR 3016 (c) to strike stated paragraphs in the counterclaim for lack of specificity and thereupon directing the defendant to serve and file an amended counterclaim. The "allegations sufficiently apprised the [plaintiff] of the accusations against him so as to enable him to prepare a defense" (*Nolletti v Nolletti*, 2 AD3d 421, 422 [2003]; *see Kapchan v Kapchan*, 104 AD2d 358 [1984]; *Pfeil v Pfeil*, 100 AD2d 725 [1984]). Therefore, the Supreme Court also should have granted that branch of the defendant's cross motion which was pursuant to CPLR 3211 (b) to dismiss the plaintiff's third affirmative defense alleging that the counterclaim was insufficiently specific to meet the requirements of CPLR 3016 (c).

The Supreme Court should have granted that branch of the defendant's motion which was to direct the plaintiff to make payments to a certain school, pendente lite. The parties' older child had attended the Solomon Schechter School of Westchester (hereinafter the Schechter School). A prior order of the Supreme Court provided, in part, that "[a]ll fees for agreed upon summer camp, agreed upon private grade school tuition, necessary child care shall be borne 60% Plaintiff and 40% Defendant." Although the parties dispute whether there was an agreement as to their older child's education for the 2010-2011 academic year, the rec-

ord is clear that the child had previously attended the Schechter School. Pursuant to Domestic Relations Law § 240 (1-b) (c) (7), the court may direct a parent to contribute to a child's education, even in the absence of special circumstances or a voluntary agreement of the parties (*see Matter of Paccione v Paccione*, 57 AD3d 900, 903 [2008]; *Matter of Holliday v Holliday*, 35 AD3d 468, 469 [2006]). "In determining whether to award educational expenses, the court must consider the circumstances of the case, the circumstances of the respective parties, the best interests of the children, and the requirements of justice" (*Matter of Holliday v Holliday*, 35 AD3d at 469 [internal quotation marks omitted]). Considering those factors, under the circumstances presented here, the Supreme Court should have directed, pendente lite, that the plaintiff contribute 60% of the parties' older child's tuition costs at the Schechter School for the 2010-2011 academic year.

The Supreme Court did not improvidently exercise its discretion in denying that branch of the defendant's cross motion which was to impose sanctions on the plaintiff and/or his attorney, because the defendant failed to demonstrate that the conduct at issue was frivolous within the meaning of Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 (*see Matter of Wieser v Wieser*, 83 AD3d 950 [2011]; *Kaplon-Belo Assoc., Inc. v D'Angelo*, 79 AD3d 931 [2010]).

The Supreme Court properly denied that branch of the plaintiff's motion which was to hold the defendant in civil contempt for her failure to provide an accurate statement of net worth, as the plaintiff did not meet his burden of proof (*see Katz v Katz*, 73 AD3d 1134 [2010]; *Rupp-Elmasri v Elmasri*, 305 AD2d 394, 395 [2003]). Further, the Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiff's motion which was to impose sanctions on the defendant and/or her attorney, because the plaintiff failed to demonstrate that the conduct at issue was frivolous within the meaning of Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 (*see Matter of Wieser v Wieser*, 83 AD3d 950 [2011]; *Kaplon-Belo Assoc., Inc. v D'Angelo*, 79 AD3d 931 [2010]). In addition, the Supreme Court properly denied that branch of the plaintiff's motion which was pursuant to CPLR 3126 to preclude the defendant from contesting the imputation of income to her. The plaintiff failed to show that the defendant "refuse[d] to obey an order for disclosure or wilfully fail[ed] to disclose information which the court finds ought to have been disclosed pursuant to this article" (CPLR 3126; *see Donskoi v Donskoi*, 38 AD3d 708, 709 [2007]).

Given the limited scope of the plaintiff's notice of cross appeal, his contention concerning the Supreme Court's denial of that branch of his motion which was pursuant to CPLR 3211 (a) (7) to dismiss the defendant's counterclaim is not properly before this Court (*see* CPLR 5515 [1]; *Hatem v Hatem*, 83 AD3d 663, 664 [2011]; *Schwint v Bank St. Commons, LLC*, 74 AD3d 1312, 1314 [2010]; *Southwell v Middleton*, 67 AD3d 666, 670 [2009]).

The parties' remaining contentions are without merit. Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur.