In the Matter of DEIRDRE M. PRICE, Appellant, v HOWARD JENKINS, Respondent. [951 NYS2d 914]—

While public policy generally mandates free access to the courts (*see Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO*, 38 NY2d 397, 404 [1975]), "a party may forfeit that right if he or she abuses the judicial process by engaging in meritless litigation motivated by spite or ill will" (*Matter of Wieser v Wieser*, 83 AD3d 950, 950 [2011]; *see Matter of Reiss v Giraldo*, 77 AD3d 759, 759 [2010]; *Matter of Molinari v Tuthill*, 59 AD3d 722, 723 [2009]; *Matter of Pignataro v Davis*, 8 AD3d 487, 489 [2004]). Under the circumstances presented here, the mother did not abuse the judicial process by filing two petitions to modify a custody and visitation order (*see Matter of Wieser v Wieser*, 83 AD3d 950 [2011]; *compare Matter of Manwani v Manwani*, 286 AD2d 767 [2001]). Accordingly, the Family Court improvidently exercised its discretion in enjoining the mother from filing any further petitions against the father without permission of the court.

Since the mother did not appeal from the order dismissing her petitions, her remaining contentions are not properly before this Court. Dillon, J.P., Balkin, Austin and Cohen, JJ., concur.