*553 Order, Supreme Court, New York County (Lori S. Sattler, J.), entered on or about August 14, 2013, which, to the extent appealed from as limited by the briefs, summarily denied plaintiffs motion for an order modifying custody and enforcing the child support provisions of the parties’ stipulation of settlement, unanimously modified, on the law, to grant the motion to the extent of remanding the matter for a hearing on the issue of the child’s private school tuition, and otherwise affirmed, without costs.
Plaintiff failed to make an evidentiary showing sufficient to warrant a hearing on her custody modification request (see Matter of Samuel A. v Aidarina S., 99 AD3d 420, 421 [1st Dept 2012]). The fact that the parties, who have joint decision-making authority, have different views on education or extracurricular activities does not mean that they cannot co-parent. The parties anticipated that they may have these disagreements and provided for a procedure to deal with them in their stipulation of settlement. In the event the procedures failed, as occurred here, the parties reserved their right to resolve such matters in court.
Given the evidence of defendant’s reduction in income and increased debts since the execution of the parties’ agreement, Supreme Court properly found that he had reasonably withheld consent to the use of out-of-network medical providers or the child’s enrollment in more than two extracurricular activities per semester. Supreme Court also properly denied plaintiffs request for reimbursement of childcare costs, since she submitted no evidence that those costs were incurred in order to enable her to work.
However, considering the parties’ agreement, which originally contemplated that the child would be attending private school, the child’s long attendance at a private school the parties had chosen together, and his fondness for and outstanding performance at the school, the court should have held a hearing to determine whether defendant unreasonably refused to consent to contribute to the costs of the child’s private school education (see Domestic Relations Law § 240 [1-b] [c] [7]; Maybaum v Maybaum, 89 AD3d 692, 697 [2d Dept 2011]).
Concur — Tom, J.E, Friedman, Manzanet-Daniels, Gische and Clark, JJ.