■ In the Matter of AVERTY C.P., Appellant, v MIRLANDE D., Respondent. [46 NYS3d 864]—

Appeal from order, Family Court, New York County (Carol Goldstein, J.), entered on or about July 29, 2015, which dismissed petitioner father's supplemental petition to modify a final visitation order, unanimously dismissed, without costs, as moot. Order, same court and Judge, entered on or about July 29, 2015, which, upon respondent mother's motion, directed that neither party file additional petitions to modify the final custody or visitation order absent the Judge's permission or, if the Judge is not sitting in Family Court, New York County, the permission of any Family Court Judge, unanimously affirmed, without costs.

The father's modification petition sought narrow and time-sensitive relief—namely, that he receive parenting time over the summer of 2015 and that the mother be prohibited from taking the child to Haiti without his consent. As the father recognizes, both issues are now moot because the relief requested involved events that have long since passed (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *Matter of Puerto v Doar*, 142 AD3d 34, 43 [1st Dept 2016]). The exception to the mootness doctrine does not apply (*see Matter of Hearst*, 50 NY2d at 714-715; *Matter of Puerto*, 142 AD3d at 44).

Family Court providently exercised its discretion in enjoining the parties to the extent indicated (*Matter of Molinari v Tuthill*, 59 AD3d 722, 723 [2d Dept 2009]; *see also Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO*, 38 NY2d 397, 404 [1975]). The father's abuse of the judicial process is evident from the record, particularly in light of his unsupported allegations of racism and many filings that appear to have been motivated by spite and control of the proceedings rather than a genuine desire to visit his son. Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Gesmer, JJ.