Winter v Winter (2018 NY Slip Op 08536)





Winter v Winter


2018 NY Slip Op 08536


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2017-07195
 (Index No. 21955/11)

[*1]Ronald A. Winter, respondent, 
v
Nancy . Winter, appellant.


Law Office of Dorothy A. Courten, PLLC, Hauppauge, NY (Rachel J. Aloni of counsel), for appellant.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Suffolk County (Joseph Pastoressa, J.), dated May 25, 2017. The order, insofar as appealed from, denied the defendant's cross motion, inter alia, for an award of attorney's fees and to impose sanctions on the plaintiff and his attorney.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
This is a matrimonial action in which the parties were divorced by judgment entered March 30, 2010. The plaintiff moved for leave to renew and reargue his prior motion to modify his child support obligation. The defendant cross-moved, inter alia, for an award of attorney's fees and to impose sanctions on the plaintiff and his attorney. In an order dated May 25, 2017, the Supreme Court denied the motion and the cross motion. The defendant appeals from so much of the order as denied her cross motion.
"An award of attorney's fees lies in the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case" (Prochilo v Prochilo, 165 AD3d1304, 1304 [internal quotation marks omitted]; see Patete v Rodriguez, 109 AD3d 595, 599). Here, the Supreme Court providently exercised its discretion in denying that branch of the cross motion which was for an award of attorney's fees. Moreover, we agree with the court that the defendant failed to demonstrate that the conduct at issue was frivolous within the meaning of Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 (see Maybaum v Maybaum, 89 AD3d 692, 697; Matter of Wieser v Wieser, 83 AD3d 950).
The defendant's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's denial of the defendant's cross motion.
MASTRO, J.P., LEVENTHAL, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court