Matter of Stones v VanDenberge (2018 NY Slip Op 08664)





Matter of Stones v VanDenberge


2018 NY Slip Op 08664


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-09825
 (Docket No. V-11865-08/17K)

[*1]In the Matter of Donna M. Stones, appellant, 
v
Erick J. VanDenberge, respondent.


Law Offices of Thomas F. Liotti, LLC, Garden City, NY (Lucia Ciaravino), for appellant.
Law Office of Joshua Adam Kittenplan, P.C., Commack, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Thomas A. Rademaker, J.), dated August 8, 2017. The order dismissed, without a hearing, the mother's petition to modify prior orders of custody and parental access, and prohibited the mother from filing any further petitions against the father without permission of the Family Court.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof prohibiting the mother from filing any further petitions against the father without permission of the Family Court; as so modified, the order is affirmed, without costs or disbursements.
Modification of an existing custody or parental access order is permissible only upon a showing that there has been a subsequent change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Ruggiero v Noe, 77 AD3d 959; Matter of Pignataro v Davis, 8 AD3d 487, 488). "A party seeking a change in visitation or custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing" (Matter of Leichter-Kessler v Kessler, 71 AD3d 1148, 1149; see Matter of Mazzola v Lee, 76 AD3d 531, 531; Matter of Riedel v Riedel, 61 AD3d 979, 979). Here, the mother's pro se petition failed to allege a sufficient change in circumstances between the issuance of the prior custody and parental access orders and the filing of her petition. Accordingly, we agree with the Family Court's dismissal of the mother's petition, without a hearing (see Matter of Valencia v Ripley, 128 AD3d 711, 713; Matter of Castagnini v Hyman-Hunt, 123 AD3d 926, 926; Macchio v Macchio, 120 AD3d 560).
However, the Family Court, in dismissing the petition, should not have prohibited the mother from filing any further petitions against the father without permission of the Family Court. The court improvidently exercised its discretion in doing so. While public policy generally mandates free access to the courts (see Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO, 38 NY2d 397, 404), "a party may forfeit that right if he or she abuses the judicial process by engaging in meritless litigation motivated by spite or ill will" (Matter of Wieser v Wieser, 83 AD3d 950, 950; see Matter of Reiss v Giraldo, 77 AD3d [*2]759, 759; Matter of Molinari v Tuthill, 59 AD3d 722, 723; Matter of Pignataro v Davis, 8 AD3d at 489). Under the circumstances presented here, in which the mother last filed a petition four years ago, the mother did not abuse the judicial process by filing the petition at issue (see Matter of Wieser v Wieser, 83 AD3d at 950-951; cf. Matter of Manwani v Manwani, 286 AD2d 767, 768-769).
DILLON, J.P., LEVENTHAL, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court