Matter of Knauss v Elman (2019 NY Slip Op 02876)





Matter of Knauss v Elman


2019 NY Slip Op 02876


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-06978
 (Docket Nos. V-9707-18, V-18108-17/18A/18B)

[*1]In the Matter of Derrick Knauss, appellant,
v
Natalie Elman, respondent. (Proceeding No. 1)
In the Matter of Natalie Elman, respondent,Derrick Knauss, appellant. (Proceeding No. 2)


Steven P. Forbes, Jamaica, NY, for appellant.
Robert Marinelli, New York, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (John M. Hunt, J.), dated May 24, 2018. The order, without a hearing, granted the mother's petition to modify an order of the same court dated October 26, 2017, so as to limit the father to only supervised parental access, and prohibited the father from filing any further petitions against the mother without permission of the Family Court.
ORDERED that the order dated May 24, 2018, is modified, on the law and the facts, by deleting the provision thereof prohibiting the father from filing any further petitions against the mother without permission of the Family Court; as so modified, the order is affirmed, without costs or disbursements.
In these related proceedings pursuant to Family Court Act article 6, the father filed a petition for visitation and a petition alleging that the mother violated a parental access order. In May 2018, the mother filed a petition to modify the parental access order so as to limit the father to only supervised parental access, alleging that he abused alcohol. In the order appealed from, the Family Court granted the mother's petition without a hearing, and prohibited the father from filing any further petitions against the mother without permission of the court.
"Generally an evidentiary hearing is necessary concerning a modification of visitation" (Matter of Hom v Zullo, 6 AD3d 536, 536). Here, however, no hearing was necessary because there was no unresolved factual issue to be determined (see Matter of Long v Donoghue, 167 AD3d 614; Matter of O'Hanlon v Cornelius, 213 AD2d 406; cf. S.L. v J.R., 27 NY3d 558).
However, the Family Court should not have prohibited the father from filing any further petitions against the mother without permission of the Family Court. "Public policy generally mandates free access to the courts. However, a party may forfeit that right if he or she abuses the judicial process by engaging in meritless litigation motivated by spite or ill will" (Matter of [*2]Pignataro v Davis, 8 AD3d 487, 489 [citation omitted]). Here, the father did not abuse the judicial process by filing a petition for visitation and a petition alleging a violation of the parental access order (see Matter of Wieser v Wieser, 83 AD3d 950, 950-951).
MASTRO, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court