Matter of Parascondola v Romano (2023 NY Slip Op 00666)

Matter of Parascondola v Romano

2023 NY Slip Op 00666

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2021-06452
 (Docket Nos. V-26286-10, V-26287-10)

[*1]In the Matter of Danielle Parascondola, respondent,
v
Michael Romano, appellant.

The Edelsteins, Faegenburg & Brown, New York, NY (Adam Edelstein of counsel), for appellant.
Louisa Floyd, Brooklyn, NY, attorney for the child Anthony J. P.
Brian Zimmerman, Brooklyn, NY, attorney for the child Christian J. P.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals, in part by permission, from an amended order of the Family Court, Kings County (Javier E. Vargas, J.), dated August 13, 2021. The amended order, insofar as appealed from, denied, without a hearing, the father's motion, inter alia, to modify an order of the same court (Karen Finkel Wohlforth, Ct. Atty. Ref.) dated July 26, 2011, so as to award him sole legal and physical custody of the parties' children, and prohibited the father from filing any petitions, writs, or motions in the Family Court without counsel review and prior court approval.
ORDERED that the amended order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof prohibiting the father from filing any petitions, writs, or motions in the Family Court without counsel review and prior court approval; as so modified, the amended order is affirmed insofar as appealed from, without costs or disbursements.
In January 2021, the father moved, inter alia, to modify an order dated July 26, 2011, so as to award him sole legal and physical custody of the parties' children. In an amended order dated August 13, 2021, the Family Court, inter alia, denied, without a hearing, the father's motion and prohibited the father from filing any new petitions, writs, or motions in the Family Court without counsel review and prior court approval. The father appeals.
"Modification of an existing court-sanctioned custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child[ren]" (Matter of Errante v Murry, 172 AD3d 711, 712 [internal quotation marks omitted]). "Before subjecting children and their parents to additional litigation, courts require that, before a full hearing is ordered, the parent seeking a change of custody must make an evidentiary showing of a change in circumstances demonstrating a need to conduct a full hearing into whether a change of custody is appropriate in order to insure the child's best interests" (Matter of Newton v McFarlane, 174 AD3d 67, 76-77).
Here, the Family Court properly denied, without a hearing, the father's motion, inter alia, to modify the prior order of custody. The facts alleged in the father's motion papers were insufficient to meet the threshold evidentiary showing of a change in circumstances sufficient to warrant a hearing (see Matter of Edem v Wondemagegehu, 199 AD3d 795; Matter of Alphonse v Alphonse, 189 AD3d 1028).
However, the Family Court improvidently exercised its discretion in prohibiting the father from filing any petitions, writs, or motions in the Family Court without counsel review and prior court approval. While public policy generally mandates free access to the courts (see Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO, 38 NY2d 397, 404; Matter of Wright v Perry, 169 AD3d 910, 913), "a party may forfeit that right if he or she abuses the judicial process by engaging in meritless litigation motivated by spite or ill will" (Matter of Wieser v Wieser, 83 AD3d 950, 950). Here, there is no basis in the record to demonstrate that the father filed frivolous petitions or filed petitions out of ill will or spite (see Matter of Genao-Archibald v Archibald, 208 AD3d 1185, 1187; Matter of Stones v VanDenberge, 167 AD3d 909, 910).
The father's remaining contention need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., MALTESE, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court