Rothman v Rothman (2026 NY Slip Op 01620)

Rothman v Rothman

2026 NY Slip Op 01620

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Scarpulla, J.P., Kapnick, Pitt-Burke, Michael, Hagler, JJ. 

Index No. 158845/24|Appeal No. 6147|Case No. 2025-04417|

[*1]Michelle Rothman, Plaintiff-Respondent,
vAlan P. Rothman, Defendant-Appellant.

Salzano Ettinger & Lampert, LLP, New York (Nehemiah S. Glanc of counsel), for appellant.
Harris Keenan & Goldfarb, New York (Jason Steinberg of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about June 30, 2025, which denied defendant's motion to dismiss the complaint pursuant to CPLR 3211(a)(5) as barred by the doctrines of res judicata and collateral estoppel, unanimously affirmed, without costs.
The motion court properly concluded that, for purposes of res judicata, there was no identity of claims between the parties' Nassau County divorce action and the wife's Victims of Gender-Motivated Violence Protection Act (GMVA) action. The two proceedings involved different legal theories, rights, and remedies (see Xiao Yang Chen v Fischer, 6 NY3d 94, 100-101 [2005]). The matrimonial action addressed domestic violence solely as a factor in determining the parties' economic rights, such as maintenance, equitable distribution, and related relief under Domestic Relations Law §236(B). Further, the matrimonial action did not adjudicate whether the husband committed crimes of violence motivated by gender by applying the GMVA's statutory elements, nor was there appropriate discovery attendant to a tort claim or an award of compensatory or punitive damages. The matrimonial action involved the equitable division of assets and debts, with the parties each receiving roughly half of the marital estate, and the court expressly declined to award the wife credits for medical debt or other losses arising from domestic violence. Spousal maintenance was carefully calculated based on articulated factors such as earning potential, employment history, contributions to the parties' children and business, disability, and lifestyle, and not as a punitive measure for abuse.
The subsequent modification on appeal of the maintenance award (Rothman v Rothman, 243 AD3d 939 [2d Dept 2025]) does not undermine the motion court's res judicata analysis. Even as modified, the matrimonial judgment adjudicated domestic violence solely within the economic framework of Domestic Relations Law § 236(B), not as an independent tort or civil rights violation. The Second Department extended maintenance based on the length of the marriage, the wife's age, health, absence from the workforce, and the economic impact of abuse, but it did not award compensatory damages, punitive damages, or otherwise apply the elements of the GMVA. Additionally, the Court explicitly characterized maintenance as a forward-looking economic support mechanism designed to promote eventual self-sufficiency, not as damages for past misconduct contemplated by the GMVA. The Court also affirmed the denial of credits for medical expenses and other abuse-related losses, which undercuts the claim that the wife already obtained full monetary redress for her injuries.
Nor is the wife's GMVA action precluded by the doctrine of collateral estoppel, which "applies if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999]). At most, the matrimonial court found that the husband engaged in abusive conduct that contributed to the wife's reduced earning capacity and economic need. However, the fact that similar incidents were referenced in the context of economic findings, such as equitable distribution and maintenance, is not analogous to a finding that the husband committed a "crime of violence" under the GMVA. Even if the court made such a finding, the matrimonial order did not address whether the abuse was motivated by the wife's gender, which is a key element of a GMVA claim. Nor did the parties have a full and fair opportunity to litigate GMVA issues in the context of the matrimonial action. Moreover, a dismissal on these grounds would undermine the GMVA's remedial purpose of providing meaningful civil redress for gender-motivated violence. Finally, we decline to take judicial notice of an assault complaint filed by the wife against the husband in New York County Supreme Court which was never served and effectively abandoned. The complaint could not have preclusive effect on the GMVA claim because that would require a final adjudication of the complaint on the merits (see Maybaum v Maybaum, 89 AD3d 692, 695 [2d Dept 2011]).
We have considered the husband's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026